HENRY DILL *vs.* WILLIAM C. SATTERFIELD.

*Estoppel—Power of Sale in a Mortgage.*

Where to the ratification of a sale made under a power to sell, contained in a mortgage, it was objected by the mortgagor that such power was conferred on the mortgagee alone, and could not be executed by the assignee of the mortgage, and the objection was overruled, and the sale finally ratified and confirmed, the objectant is thereby concluded, and cannot again raise the question in a collateral way, in answer to an application by the purchaser for a writ of *habere facias possessionem.*

The power to sell contained in a mortgage, made pursuant to Article 64 of the Code of Public General Laws, is a power coupled with an interest in the premises conveyed by the mortgage deed, and passes with the estate by an assignment of the mortgage debt.

APPEAL from the Circuit Court for Caroline County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, GRASON, MILLER, ALVEY and ROBINSON, J.

*George M. Russum,* for the appellant.

*John B. Brown* and *Alex. Randall,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This is an appeal from an order passed by the Circuit Court for Caroline County, sitting in Equity, awarding to the appellee a writ in the nature of a writ of *habere facias possessionem.*

It appears from the record that the appellant executed a deed of mortgage to J. Hopkins Tarr, conveying certain lands with the usual condition. The mortgage gave to the mortgagee a power to sell on default. It was assigned to Charles E. Tarr, and by him was afterwards assigned to the appellee, who proceeded to sell in execution of the power con-

ferred by the mortgage, and after complying with the require-
ments of the Code, Article 64, sections 5, 6, 7, 8, *et seq.*, him-
self became the purchaser. The sale was reported to the Court,
and the appellant filed exceptions thereto, which were heard
and overruled, and the sale was finally ratified and confirmed.

In answer to the rule to show cause against the writ of
possession, the appellant assigned the following causes:

1st. Because the alleged assignment of the said mortgage
made by Charles E. Tarr to William C. Satterfield, has never
been recorded as required by law.

2d. Because the said mortgage confers the power to sell on
J. Hopkins Tarr alone, and the said authority is not trans-
ferred by the assignments of said mortgage debt.

3d. Because said William C. Satterfield is not entitled by
law to have the writ of *habere facias* issued in his behalf.

4th. Because no bond was filed by said Satterfield as re-
quired by law.

The first and fourth grounds of objection resting upon
averments which were disproved, have been abandoned.

The third objection is answered by the provisions of the
Act of 1864, ch. 283, (Sup. to Code, 187,) which in terms
entitles the purchaser to the writ, where the sale has been
made under a power to sell contained in a mortgage.

The second cause or ground alleged, remains to be con-
sidered, this rests upon the position that the power to sell
was conferred on the mortgagee alone, and could not be
executed by the assignee of the mortgage. This objection
was open to the appellant before the sale was ratified, and
the record shows that it was then made and decided by the
Court, when they disposed of the exceptions to the sale. We
concur with the Court below in the opinion that the decision
of the question then made concluded the appellant; and that
he could not afterwards raise it, in a collateral way, in answer
to the application for the writ of *habere.*

But without resting our opinion on this ground, we think
a conclusive answer to this objection is found in the recent

decision of this Court in *Berry vs. Skinner*, 30 *Md.*, 567, where it was held that "the power of sale contained in a mortgage made pursuant to the Code, Article 64, is a power coupled with an interest in the premises conveyed by the mortgage deed, is appendant to the estate, a part of the security itself, and passes with the estate by an assignment of the mortgage debt."

Under that decision it is clear that no valid objection to granting the writ of *habere facias* can be made in this case, by reason of the sale having been made by the appellee, who was assignee of the mortgage, even if the question could be raised in the present proceeding.

The order of the Court below granting the writ will be affirmed and cause remanded.

*Order affirmed and*
*cause remanded.*

(Decided 15th February, 1871.)