(Decided 19th December, 1878.)

FROSTBURG MUTUAL BUILDING ASSOCIATION *vs.* HANSON LOWDERMILK AND CATHARINE LOWDERMILK.

*Construction of Art. 64, of the Public General Laws—The Attorney or Agent authorized to sell must be Named in the Mortgage—A Corporation can execute the Power of Sale only through its Attorney or Agent named in the Mortgage.*

Art. 64, sec. 5, of Public General Laws, which provides, that "in all mortgages there may be inserted a clause authorizing the mortgagee, or any other person to be named therein to sell the mortgaged premises," recognises the deputation of authority to some person other than the mortgagee, but it requires that person to be named therein; it does not authorize the execution of the power by any one to be delegated by the mortgagee.

The sections of this Article of the Code, import a natural, and not an artificial person, (such as a corporation,) as the depositary of the power of sale. A corporation can execute such a power only through its attorney or agent named in the mortgage.

APPEAL from the Circuit Court for Allegany County, in Equity.

The facts of this case are sufficiently stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., BOWIE, BRENT, MILLER and ALVEY, J.

*Wm. Brace* and *Benjamin A. Richmond,* for the appellant.

*David W. Sloan,* for the appellee.

BOWIE, J., delivered the opinion of the Court.

The appellees on the third of January, 1872, made and executed a mortgage of certain real estate, lying in Frostburg, Allegany County, to the Frostburg Mutual Building Association, of said county, to secure the sum of seven hundred and eighty dollars, advanced for the redemption of certain shares in said association, with a condition annexed, that if default should be made in the payment of the interest, or weekly dues for three months at any one time, or should fail for three months at any one time, to perform any of the obligations or covenants therein contained, it should be lawful for the mortgagee, or its agent or attorney, to sell said property, for the payment in the first place of the expenses incident to the sale, and next of the mortgage debt.

The mortgagee filed its bond, in the penalty of $1000, which was approved on the 15th March, 1878, and by its attorney and agent, sold the premises and reported the same to the Circuit Court for Allegany County, sitting in Equity.

The sale after the usual course of proceedings, was finally ratified and confirmed on the 22nd April, 1878, and the cause referred to the auditor to distribute the proceeds.

The auditor stated his account, allowing the mortgagee among other items, commission on $301.00, amount of sales, at the rate of 7 per cent., amounting to $21.00.

This audit was submitted to the Court upon an agreed statement of facts, filed the 26th June, 1878, which among other things stated that the rule of the Court then in force, and since 1870, allowed to trustees, on the

first $300, 7 per cent., and on the second $300, 6 per cent., etc.; that on the 5th of March, 1877, a rule of Court was passed of the following tenor: "In all cases in which sales of real or personal estate shall be made by an attorney, or agent of mortgagee, or by a trustee, under a power of sale, contained in a mortgage or deed of trust, which does not fix the commissions to be received by such agent, attorney or trustee executing such power of sale, the auditor shall allow such commissions as are fixed by the rules of this Court, to be allowed to trustees under decrees, unless otherwise ordered by the Court;" that the sale made and reported in this case, was made by the mortgagee on the 14th day of March, 1878, under the power contained in the mortgage therein filed; and that all other matters recited in the report of sale are true.

It was further agreed, that the Circuit Court of Allegany County, *on the 7th June,* 1878, passed the following rule, viz: "In all cases of mortgages with power of sale therein to the mortgagee or his assigns, and the mortgagee or his assignee makes the sale, and reports the same to this Court, there shall be no commissions on the proceeds of sale allowed to such mortgagee, or assignee, unless the same be provided for in the mortgage, or other agreement of the parties. This rule not to apply to the case of a sale made under power by other persons than the mortgagee, or his assignee, though there be no stipulation made in regard to commissions."

It was further admitted, that long prior to the date of the mortgage and from that time, to the date of the last named rule of Court, it had been the usage in the county for the auditor to allow mortgagees making sales under powers to them in mortgages, commissions on the amount of sales, at a rate never less than that allowed to trustees, under the first above recited rule of Court, which it was the invariable usage of the Court to ratify down to the last named rule.

It was further agreed, that the allowance of the auditor in this case is proper to be allowed, and that no objections to the ratification of the audit have been made by any of the parties, but the mortgagors do not consent to the allowance of the commissions to the mortgagee, but leave to the Court to decide whether or not such allowance is proper to be made.

The cause being submitted, reserving the right of appeal to either party, the Court on the 15th July, 1878, passed an order in the terms following, viz:

"The within audit having been submitted, it is thereupon this 11th of July, 1878, ordered, that the same be set aside, because of the allowance of commissions therein to the mortgagee, in violation of a standing rule of this Court, passed on the 7th of June, 1878, and set forth in the agreement of counsel filed in this cause, and which rule was passed to make uniform the practice of the Judges acting in different counties of the circuit, it having been the practice in Allegany to allow commissions to mortgagees, and a wholly different practice having prevailed in Washington County."

From which order this appeal is taken.

The appellant's brief insists, the sole question presented by this appeal, is, whether a mortgagee making sale under a power such as is provided by sec. 5 of Art. 64 of the Code of Public General Laws, is entitled to commissions as trustee, for making such sale and distributing the proceeds thereof.

No brief has been filed on the part of the appellee, and we can only judge from the record what is the question involved, according to his views of the case.

The opinion of the learned Judge who decided the case below, treats the case as one turning upon the operation of the rule of Court passed on the 7th of June, 1878.

In our apprehension the question of commission in this case depends upon the antecedent one, whether a corpora-

tion such as the appellant in this case, is competent by itself or its self-appointed agent or attorney to make a sale, and perform the duties prescribed and required of mortgagees by virtue of the provisions of Art. 64 of the Code. The 5th section of that Article provides, that "in all mortgages there may be inserted a clause authorizing the mortgagee or any other person to be named therein to sell the mortgaged premises."

The 6th section declares, before any person so authorized shall make any such sale, *he shall* give bond.

The 8th section enacts, "all such sales shall be reported *under oath* to the Court having chancery jurisdiction," etc.

All these sections import a natural, not an artificial person, (such as a corporation,) as the depositary of the power of sale.

It is impossible in the nature of things, that a corporation can execute such a power, except through its attorney or agent, and in that event, the authority would be derivative, not original; and the general principle regulating all powers is, that they must be strictly pursued.

Sec. 5 of Art. 64, recognizes the deputation of authority to some other person than the mortgagee, but it requires that person *to be named* therein; it does not authorize the execution of the power by any one, to be delegated by the mortgagee.

This construction of the above section, has been generally adopted and approved, and we consider it the correct one.

It is unnecessary and we do not by any thing contained in this opinion, intend to determine whether an individual mortgagee, acting under such a power as that in the record, would be entitled to commissions or not.

For reasons above assigned, the order appealed from must be affirmed, and cause remanded.

*Order affirmed, and*
*cause remanded.*

(Decided 19th December, 1878.)