(Decided 30th March, 1880.)

THE QUEEN CITY PERPETUAL BUILDING ASSOCIATION OF CUMBERLAND *vs.* WILLIAM M. PRICE, Trustee.

*Attorney of a Mortgagee (Corporation) must be Named in the Mortgage—Construction of Art. 64, of the Code—Purchasers, when the Power of Sale in a mortgage is Void.*

A mortgage to the appellant contained a power of sale to the corporation or its attorney, (without naming him.) The mortgaged premises were sold under this power by the appellant to itself, the sale was reported by it through its solicitor, ratified by the Court, an account stated, costs and expenses paid, and balance from proceeds distributed to the appellant. A deed was then made to the appellant by its solicitor, appointed for that purpose by order of

Court. On an application by the appellant for an injunction to restrain the appellee, trustee in insolvency for the benefit of the mortgagor's creditors, from selling the premises, it was HELD:

That the power of sale in the mortgage being invalid, under Art. 64, of the Code, the sale and the subsequent proceedings were void, and the appellant having acquired ho rights thereunder, it is the right and duty of the trustee in insolvency to sell the property for the benefit of the insolvent's creditors, and to distribute the proceeds to those entitled according to the principles of law.

If the property in such a case were purchased by a third party, and he pay the purchase money or part of it, if he be not restored the money so paid he would be held by a Court of equity to be equitably entitled as assignee of the mortgage, subject of course to the equity and right of redemption. And if he be let into possession of the mortgaged premises, and make valuable improvements thereon, he would be entitled to compensation therefor.

APPEAL from the Circuit Court for Allegany County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, GRASON, ALVEY, ROBINSON and IRVING, J..

*A. H. Boyd, Johns McCleave* and *J. J. McHenry,* for the appellant.

*William M. Price,* for the appellee.

ALVEY, J., delivered the opinion of the Court.

This is an application for an injunction to restrain a trustee in insolvency for the benefit of the creditors of the mortgagor from making sale of the mortgaged premises, which are alleged to have been sold under a power in the mortgage.

Queen City Perp. Build. Assoc'n *vs.* Price, Trustee.

The mortgage was made on the 16th of June, 1876, by Conrad Nolte to the Queen City Perpetual Building Association of Cumberland, for $1820, money advanced by the association for the redemption of certain shares of stock held by the mortgagor in the corporation. In the mortgage there is a power, upon default of the mortgagor, to the mortgagee, "or its attorney, to sell said mortgaged property at public sale for cash, in the city, &c., for the payment, in the first place, of the expenses incident to the sale, and a commission of eight per cent. on said sale; and in the next place, to pay the fines, insurance, interest, and dues, that may then be due, and so much of said sum of $1820 as may be required to make said weekly payments of interest and weekly dues on said seven shares, until each unredeemed share of said stock is worth $260 in cash." The default occurring, after giving a bond, and the notice required by the terms of the power, the mortgagee, on the 28th of August, 1878, put up to public sale the mortgaged property; and by the report of sale, the mortgagee stated that it did, in pursuance of notice, by its solicitor and two of its directors, effect a sale to itself of the mortgaged premises for $500. The report of sale, made to the Circuit Court for the county, was by and in the name of the Association, and was sworn to by its solicitor only. This report of sale was ratified by the Court on the 3rd of October, 1878. The case was referred to the auditor, who stated an account, and after allowing for all costs and expenses, and a commission of eight per cent., the balance of the amount of purchase was distributed to the mortgagee. And in the order ratifying the sale, the Court appointed the solicitor of the mortgagee to make the deed for the property purchased by it; and the deed was accordingly made.

In the case of the *Frostburg Mutual Building Association vs. Lowdermilk*, 50 *Md.*, 175, this Court held, that *sec.* 5 of *Art.* 64, of the Code, which provides that "in all mort-

gages there may be inserted a clause authorizing the mortgagee, or any *other* person *to be named therein,* to sell the mortgaged premises," does not, when construed in connection with the subsequent sections of the same Article, embrace or apply to a corporation, as the depositary of the power of sale; that that is a personal, as distinguished from a corporate, trust and confidence, requiring of the person authorized to execute the power that he should act under the responsibility of an oath; and that if any other person than the mortgagee or his assignee be intended by the parties to the mortgage to execute the power, he or they must be specially named in the power. This is the plain import and meaning of the statute; and we find no reason for modifying or changing our former conclusion. And it follows, as a necessary consequence of that construction, that the power of sale contained in the mortgage in this case is simply void. It imparted no power of sale either to the mortgagee itself, being a corporation, or to any agent or attorney that it might appoint. The mortgage stood as if no power of sale had been inserted in it. And there being no power of sale, it followed that there was no right or power to report a sale, under the statute, for ratification by the Court; and consequently the ratification of such sale by the Court gave to it no sanction or effect whatever. The whole foundation for the exercise of the summary jurisdiction by the Court, in the receipt of reports and ratification of sales under Article 64 of the Code, is based upon the assumption that there is a valid power of sale; for without that no sale under that statute can be made, and of course none can be legally reported and ratified. It is not from the order of ratification of the sale, but from the power of sale itself, that the power and right to convey the estate is derived; and if the power is void it can furnish no medium for the transfer of the estate to the purchaser.

But, while this is the case, it does not follow that the purchaser under such a void power, or, indeed, any of the

parties concerned, in a case like the present, should neces-
sarily suffer an injustice from the abortive attempt to sell.
In such case, where the sale is made to a third party, if
he has actually paid the purchase money, or to the extent
that he has actually paid it, if not restored the money so
paid, he would be held by a Court of equity to be equita-
bly entitled as assignee of the mortgage, subject, of course,
to the equity and right of redemption.   And if he has
been let into possession of the mortgaged premises, and
has, as *bona fide* possessor or purchaser thereof, made
valuable improvements thereon, he would be entitled to
compensation therefor, upon the principle settled in the
case of *The Union Hall Association vs. Morrison,* 39 *Md.,*
281.   But where, as in this case, the mortgagee becomes
the purchaser at his own sale, the sale being void, he
acquires no rights, either legal or equitable, by means of
the sale.   In such case, the parties stand as they did
before the ineffectual form of sale; and all the costs and
expenses attending such ineffectual sale must be borne
by the mortgagee, as the consequence of an unauthorized
proceeding.

What may be the rights and powers of a trustee in
insolvency, acting for the benefit of all the creditors of
the mortgagor, in respect to the property mortgaged,
where the mortgage contains a valid power of sale, (which
has been held to be a power coupled with an interest, and
to constitute a part of the security for the debt,) it is not
necessary for us to decide in this case.   The mortgage
before us being in effect without such power, it becomes
the *exclusive* right and duty of the trustee in insolvency
to sell the property for the benefit of the creditors of the
insolvent, and to distribute the proceeds to those entitled,
according to the settled principles of law.   *Zeigler vs.
King,* 9 *Md.,* 330.   And that being so, it follows that
there is no ground for the present application, and that

the order appealed from must be affirmed and the bill dismissed.

*Order affirmed and bill dismissed,*
*with costs to appellee.*

(Decided 30th March, 1880.)