MILTON S. BARRICK, and others *vs.* ALBERT N. HOR-
NER, sole acting Executor of ALEXANDER H. HOR-
NER.

*Power of Sale under Trust mortgage—Death of Trustee—
Res judicata—Jurisdiction of Court.*

A power of sale in a mortgage, conferred on the mortgagee, is a
power coupled with an interest, is appurtenant to the estate, and
passes to the executors, administrators, and assigns, and is not
lost by the death or insanity of the mortgagor.

A mortgage of land contained the following power: "In trust,
and the said H. his heirs, executors, and administrators and assigns
\* \* \* are hereby authorized and empowered to sell all the prop-
erty hereby mortgaged, or so much thereof as may be necessary,"
&c. At the time of the making of the mortgage H. had no
interest in the estate conveyed, nor in the debt secured. HELD:

That H. had merely a naked power, which on his death could not
pass, by operation of law, to his legal representatives.

The fact that H. subsequently became the assignee of the mortgage
did not affect his rights in respect to the power of sale, since the
power not having been conferred upon the mortgagee, H. by
merely succeeding to the rights of the mortgagee, could not
obtain a power which the latter never had.

The designation in the mortgage of the executors of H. by the
word "executors," is not such a naming of the executors as will
authorize them to execute the power of sale under section 6 of
Article 66 of the Code, which provides that "in all mortgages there
may be inserted a clause authorizing the mortgagee, or any per-
son to be named therein, to sell the mortgaged premises," &c.

A decree in a suit to enjoin a sale by the executors of the trustee
in a mortgage under the power contained therein, the bill for
which alleged that the mortgage debt had been fully paid, and
that the executors of the trustee possessed "no power or right to
sell" under the mortgage, is conclusive, on exceptions. to a sub-
sequent sale made by the remaining executor of such trustee, by

the same persons who were parties to the injunction suit or their privies, of the power to sell, where the injunction was dissolved and the bill dismissed, since to render such a decree it must have been found, not only that the debt was unpaid, but also that the power was sufficient for the executors to make the sale.

Section 16 of Article 66 of the Code provides that no injunction shall be granted to stay the sale of mortgaged property, unless the party praying such injunction shall on oath allege that the mortgage debt has been fully paid, or that some part thereof, the amount of which he shall state, has been paid, and that the mortgagee refuses to give credit for such amount. HELD:

That a bill to enjoin such sale which charges that the mortgage debt has been fully paid, gives the Court jurisdiction, and it may determine, not only that the mortgage debt was still unpaid, but may also decide upon the sufficiency of the power to sell.

APPEAL from the Circuit Court for Carroll County, in Equity.

This appeal was taken from an order of the lower Court, (JONES, J.,) overruling exceptions to a sale made and reported by Albert N. Horner, sole acting executor of Alexander H. Horner, deceased, and finally ratifying said sale. The case is stated in the opinion of this Court.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, PAGE, MCSHERRY, and BRISCOE, J.

*Richard M. Venable,* for the appellants.

*William H. Thomas,* for the appellee.

PAGE, J., delivered the opinion of the Court.

The questions involved in this case arise upon exceptions filed by the representatives of John W. Barrick, deceased, to a sale made by Albert N. Horner, sole executor of Alexander H. Horner, under a power con-

tained in a mortgage from the said Barrick to William Brosius. The mortgage was executed on the twenty-eighth day of March, 1873, to secure an indebtedness from the former to the latter. It contained the following power:—"In trust, and the said Alexander H. Horner, his heirs, executors and administrators and assigns, or Frank H. Horner, their duly constituted attorney or agent, are hereby authorized and empowered to sell all the property hereby mortgaged, or so much thereof as may be necessary, &c." At the time of the making of the mortgage, Alexander H. Horner had no interest in the estate conveyed, nor in the debt secured, but on the eighth day of May following its execution, it was assigned to him, for value received by the mortgagee. In 1883, Alexander Horner died, and in 1884, Albert N. Horner and Levi Z. Condon, his executors, began proceedings to sell the mortgaged premises under the power. These proceedings were delayed by a suit instituted to enjoin the sale, and it was not until February, 1892, the injunction proceedings having been finally dismissed, and Levi Z. Condon having been discharged as one of the executors, that Albert N. Horner, as sole executor, made the sale and reported it to the Court. The objection to the ratification of this sale, now pressed upon us, is, that the executor of Alexander H. Horner has no right to execute the power. It has repeatedly been held by this Court, that a power of sale in a mortgage, conferred on the mortgagee, is a power coupled with an interest, and so being, is appurtenant to the estate, and passes to the executors, administrators or assigns, and is not lost by the death or insanity of the mortgagor. *Berry vs. Skinner,* 30 *Md.,* 567; *Dill vs. Satterfield,* 34 *Md.,* 52; *Harnickell vs. Orndorff,* 35 *Md.,* 341; *Mackubin vs. Boarman, Trustee,* 54 *Md.,* 387.

But where the power is conferred upon a third person, who has no interest in the estate, it is a collateral power. *Reid vs. Gordon, et al.,* 35 *Md.,* 174.

The selection of the donee presumably being made, in that case, with reference to the special skill and ability of the individual selected, or by reason of the personal confidence reposed in him by the parties; it is not an incident of the estate conveyed, does not pass on the decease of the donee to his representatives, and can be executed only by the person named. *Frostburg Mutual Build. Assoc'n vs. Lowdermilk,* 50 *Md.,* 179. "For a matter of personal confidence is not to be extended beyond the express words and clear intention of the settlor." 1 *Lewin on Trusts,* 604 *(marg.)*

Alexander H. Horner, being therefore a stranger to the mortgage, held merely a naked power, which on his death could not pass, by operation of law to his legal representatives. Nor can the fact that he subsequently became the assignee of the mortgage affect the question. The power not having been conferred upon the mortgagee, no theory can be maintained by which Horner, by merely succeeding to the rights of the mortgagee, could obtain a power which the latter never had. Horner, therefore, in his life-time, was authorized to make the sale only by reason of the fact that he was specially named as the donee of the power, and not because he was the assignee of the mortgagee. It is clear, therefore, that the right to execute the power cannot vest in his executors, unless they are designated by the instrument in such terms as to bring them within the provisions of the statute. By sec. 6 of Art. 66 of the Code, it is provided that "in all mortgages there may be inserted a clause authorizing the mortgagee, or *any person* to be *named* therein, to sell the mortgaged premises, &c." The designation in the mortgage is by the word "*executors,*" and the question therefore is narrowed down to the inquiry whether it is such a "*naming*" as brings it within this provision of the Code? In *Queen City Perpetual Building Association vs. Price, Trustee,* 53 *Md.,*

398, this Court has said, that "if any *other person* than the mortgagee or his assigns be intended by the parties to execute the power, he or they must be *specially* named in the power," and in *Chilton vs. Brooks*, 71 *Md.*, 450, this ruling is cited, with the additional statement, that "the assignee of a mortgagee whoever he may be, (if not a corporation) may execute the power as if *designated* by name, while an attorney may do it *only* when specially named." An assignee of the mortgage in a case where the power was effectively conferred upon the mortgagee, would take the right to execute the power, as an incident of the estate, but where a stranger is the donee, the power not being appurtenant to the estate, can be exercised by him only who has had it conferred according to a proper construction of the statute, that is, by having been specially named in the mortgage. We are of the opinion, therefore, that in this case, the executors of Alexander Horner, not being specially named, are without authority to execute the power. *Madigan vs. Workingmen's Permanent Build. and Loan Assoc'n*, 73 *Md.*, 321.

2. But it is contended by the solicitor for the appellee, that however this may be, the appellants are estopped from raising the question of the right of the executors to execute the power, by reason of the decree dismissing the bill, filed by John W. Barrick in 1884, for the purpose of enjoining the sale, then proposed to be made by the executors, under the power contained in the mortgage. During the pendency of that suit Barrick died, and thereupon his widow, legal heirs and administrators were made parties.

In the case at bar, the sale was made by the remaining executor of Horner, and the exceptants are the acting administrator and heirs-at-law of Barrick. The parties to the two proceedings being therefore either the same or privies to each other, whatever in the former case

was within the jurisdiction of the Court and was determined by its decree, must be taken as decisive in this. It is well settled that the judgment of a Court of competent jurisdiction is conclusive as against parties and privies on all questions adjudicated by it. *Niller, &c. vs. Johnson and Danneker*, 27 *Md.*, 6.

Although the judgment may possibly be not legally right, yet if in the former case the Court has decided the point in issue, both plaintiffs and defendants are estopped from raising the same question in another case between the same parties or privies. And this rule includes also whatever, under the pleadings in the former proceeding, might have been brought forward "as a part of the subject in contest." *State vs. Brown, et al.*, 64 *Md.*, 204; *Whitehurst vs. Rogers*, 38 *Md.*, 515; *McDowell vs. Goldsmith*, 2 *Md. Ch. Dec.*, 370; *Trayhern vs. Colburn, Ex'r*, 66 *Md.*, 279.

Here, however, the question as to the sufficiency of the power was clearly raised in the former suit. It was alleged in the bill, among other things, that the mortgage debt had been fully paid, and that the executors of Horner possessed "no power or right to sell" under the mortgage. After testimony was taken and other proceedings were had, the Court dissolved the preliminary injunction, and dismissed the bill. To enable it to render such a decree it must have found, not only that the debt was unpaid, but also that the power was sufficient for the executors to make the sale. This decree was not appealed from, and is yet unreversed and in full force, and now remains the law of this case. It is contended, however, by the appellants, that the Court having decided that the debt was still unpaid, had no power, under the statute, to decide upon the sufficiency of the power. By the 16th section of Article 66, of the Code, it is provided that "no injunction shall be granted to stay any such sale, or any proceedings after any sale of mort-

gaged premises under this Article, unless the party praying such injunction * * * * shall on oath allege that the mortgage debt and all interest due thereon has been fully paid, or that some part of such debt or interest, the amount of which he shall state, has been paid, and that the mortgagee or person acting under him refuses to give credit for such amount, or that some fraud,'' &c. And it is insisted that, until the Court had determined that the mortgage debt was still unpaid, it had no power to decide any other question that may have been presented by the pleadings. But to this we cannot assent. Without intimating to what extent this section of the Code may be a limitation upon the general powers of a Court of equity, it is clear that, even under its provisions, the Court had full jurisdiction in the cause, the required averment having been made in the bill, under oath. The allegations contained in the bill determine the jurisdiction of the Court. ''The true test of jurisdiction will in *all* cases be found in the determination of the question, whether a demurrer will lie to the bill. If this be so, neither the erroneous action of the Court after the filing of the bill (showing a case for the exercise of jurisdiction,) nor defective proofs could affect the question of jurisdiction.'' *Tomlinson, et al. vs. McKaig, et al.,* 5 *Gill,* 276.

''When a Court has jurisdiction, it has a right to decide every question which occurs in the cause; and whether its decision be correct or not, its judgment, until reversed, is regarded as binding in every Court.'' *Cockey vs. Cole,* 28 *Md.,* 284.

We must, therefore, affirm the order.

*Order affirmed.*

(Decided 23rd November, 1893.)