## FRANK N. MASLIN *vs.* JOHN W. MARSHALL.

*Mortgages—Power of Sale May be Exercised by Assignee of Mortgage Although Not Expressly Named.*

Code, Art. 66, sec. 6, authorizes the insertion in mortgages of a clause giving a power of sale in case of default to the mortgagee or any other person to be named therein, and that section also recognizes the exercise of the power by assignees of the mortgage. *Held*, that such power of sale is a power coupled with an interest and is appurtenant to the estate and passes to an assignee of the mortgage, although not conferred by express terms upon assigns.

When a mortgage containing a power of sale by the mortgagee has been assigned to a corporation which is incapable of executing the power, and is afterwards assigned by the corporation to an individual, this second assignee is entitled to exercise the power.

Appeal from an order of the Circuit Court No. 2, of Baltimore City, (DENNIS, J.)

The cause was argued before MCSHERRY, C. J., BRISCOE, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*John William Marshall*, for the appellant.

By the express terms of the mortgage the power of sale, in case of default, is given to certain named trustees, or the survivors or survivor of them, or their successors or successor in the trust therein referred to. The question now is whether

the right to exercise the power of sale passed to the appellee, who was not the successor in the trust, but simply an assignee of the mortgage, by virtue of the assignment to him. The mortgagors, the donors of the power, conferred the power, as will hereafter be shown, upon those who should hold the office of trustee, and this Court has held that the power of sale may be conferred upon such persons as the parties may think proper. *Western Md. R. R. Land, etc., Co.* v. *Goodwin,* 77 Md. 277. Now the power of sale in this mortgage was not conferred upon the trustees named in their individual capacity, but upon them solely in the official capacity as trustees. The power was to be exercised by the persons or person who should hold the office of trustee (77 Md. 278), and the donors extended the powers no further. Had they intended that an assignee should exercise the power, why did they not add the word "assigns," as was done in the case just referred to? The Court, in that case, seems to intimate the necessity for the word "assigns."

In *Jones on Mortgages,* secs. 1787, 1789, it is said that if the power of sale is not given to assigns, then the one who has taken a transfer of the mortgage cannot exercise it.

This Court has never been called upon to decide the precise point as to whether a power of sale conferred upon a mortgagee, without extending it to "assigns," could be exercised by an assignee of the mortgage. The case of *Chilton* v. *Brooks,* 71 Md. 450, seems, however, to hold that such a power must be expressly given to an assignee, and could not be exercised by him unless the power so provided.

A power of sale of this kind cannot be exercised by a corporation. 53 Md. 397. Now the said mortgage was assigned to the appellee for the purpose of foreclosure by the said trust company. The company had no power to sell the mortgaged premises. How then could it give to the appellee a power which it did not itself possess? The power never passed to the company—the power of sale was given to those who should hold the office of trustees under a certain trust— but even if it did, the power was void for the want of the des-

ignation of some one capable of executing the power as au-thorized to execute it. If the power did pass to the company upon the assignment of the mortgage to it, the power was then in the corporation and in no one else, and this Court has held the power in such event void. The company having no power to sell in itself, could confer none upon the appellee by its assignment of said mortgage to him. *Chilton* v. *Brooks*, 71 Md. 449.

The case of *Berry* v. *Skinner*, 30 Md. 567, relied upon so much by the appellee, simply decided that a power of sale in a mortgage was not revoked by the death or lunacy of the mortgagor. In that case also the power of sale was conferred upon the mortgagee and his assigns, and would of course pass to an assignee upon assignment of the mortgage to him.

*W. Cabell Bruce* (with whom were *William F. Frick* and *D. K. Este Fisher* on the brief), for the appellee.

When section 6 of Article 66 provided that there might be a clause authorizing " the mortgagee " to sell, it did not signify that only the mortgagee, technically so called, that is to say, the first taker, should have the power, but that it should appertain to any one who might hold the mortgage title, and who thus, in the popular sense to which the words are to be referred, was the mortgagee. It is a construction which sticks in the bark to hold that because the word "assigns" is not used in a power given by the mortgage to the mortgagee, it cannot be executed by an assignee. Why should the word "assigns" be necessary, looking to the object, and even to the mere phraseology of the section?

There would certainly be no " *delectus personæ*," if the word " assigns ". were used, for the mortgagor could never forecast the persons who might become assigns. Yet, when the power was to be executed by any one who did not take the estate, the section provided that there should be the " *delectus personæ*," and that the individual should be " named." It appears to us obvious, too, that when the Legislature gave the right to " the mortgagee or any other person to be named

therein" to execute the power under a mortgage, if it had been understood that the power would not pass to an assignee unless the word "assigns" was used, that word would have been inserted.

It is observable that section 6 of article 66, immediately after the words above cited, empowering the mortgagee, or any other person, to be named therein, to sell the mortgaged premises, provides that, "where interests in a mortgage are held by more than one person, *under assignments*, the power of sale shall be divisible." If an assignee cannot exercise the power, when the word "assigns" is not used, pray where is the authority for the exercise of such a power by an assignee at all to be found? The section does not mention "assigns" in immediate connection with the power of sale it confers.

The conclusion that the exception is unfounded is deducible, therefore, we think, by unassisted reasoning from the purpose and words of the section. But the proposition has been decided by this Court. In the section there are two powers mentioned, entirely different in their nature and consequences. The power to the mortgagee is one coupled with an interest, while that "to any other person to be named therein" is one simply collateral. *Harnickell* v. *Orndorff*, 35 Md. 342; *Berry* v. *Skinner*, 30 Md. 573; *Dill* v. *Satterfield*, 34 Md. 52; *Queen City Bldg. Asso.* v. *Price*, 53 Md. 398; *Barrick* v. *Horner*, 78 Md. 254.

SCHMUCKER, J., delivered the opinion of the Court.

The appeal in this case is from an order of the Circuit Court No. 2, of Baltimore City overruling certain exceptions to the ratification of a sale of mortgaged property. The sale was made by the appellee, as assignee of the mortgage, in the exercise of a power of sale therein contained.

The mortgage was made on October 28th, 1897, from George A. Dubreuil and others to Mary E. Garrett, William F. Frick and Charles F. Mayer, trustees under the will of the late John W. Garrett to secure certain promissory notes of the mortgagors.

The mortgage and the notes secured by it were assigned by the trustees to the Safe Deposit and Trust Company of Baltimore, a body corporate, and were by it assigned to the appellee.

The mortgage contained a power of sale in the usual form to "the said William F. Frick, Charles F. Mayer and Mary E. Garrett trustees as aforesaid or the survivors or survivor of them or their successors or successor in said trust," authorizing them to sell the mortgaged property in case of default in payment of the mortgage debt. A default having occurred the appellee made sale of the mortgaged premises, professing to act in so doing under the power of sale contained in the mortgage, and reported the sale to Circuit Court No. 2 for ratification, when the appellant, who was the purchaser at the sale, excepted to its ratification. The Court by its order of October 3rd, 1901, overruled the exceptions and finally ratified the sale whereupon the present appeal was taken from that order.

Two grounds of exception were urged in argument by the appellant. One was that the power of sale contained in the mortgage was personal to the mortgagees, who were the trustees already named, and their successors in trust under Mr. Garrett's will, and that it did not pass to, and could not be exercised by, an assignee of the mortgage. The other ground was that even if the power were a transmissible one the assignment of the mortgage to the Safe Deposit and Trust Company which was a corporation destroyed the power because it could not be exercised by a corporation. Neither of these grounds of exception would have constituted a sufficient reason for refusing to ratify the sale and the learned Judge below properly overruled the exceptions and passed the order of final ratification.

The appellant relied especially upon the absence of the word "assigns" after the names of the mortgagees in the power of sale as evidence that the power was not intended to pass with an assignment of the mortgage, but we do not agree with him. The authority to include a power of sale in a mortgage is derived from sec. 6 of Art. 66 of the Code which provides

for the insertion in all mortgages of a clause giving such power to "the mortgagee or any other person to be named therein." No mention of, or allusion to, *assigns* or *assignees* is made in that connection, and yet further on in the same sentence it is provided that "where the interests in any mortgage are held *under any one or more assignments*" the power of sale shall be held divisible and the person "*holding any such interest*" who first institutes proceedings to execute the power shall have the exclusive right to sell the mortgaged premises, thus showing conclusively that the Code not only contemplates the exercise of the power of sale by the assignees of a mortgage but in certain cases regulates the method of its exercise by them.

Furthermore this Court has repeatedly held that a power of sale conferred by a mortgage upon the mortgagee, being intended to afford him a means of promptly collecting his debt, is a power coupled with an interest and is therefore appurtenant to the estate and passes with it as part of the mortgage security to an assignee of the mortgage or even of the mortgage debt. *Berry* v. *Skinner*, 30 Md. 567; *Dill* v. *Satterfield*, 34 Md. 53; *Mackubin* v. *Boarman*, 54 Md. 387; *Barrick* v. *Horner*, 78 Md. 255.

When a power is appurtenant to an estate it passes to the assignee of the estate not because he was designated in the grant of the power, nor because of special confidence reposed in him by such grantor as a suitable person to execute the power. It passes to him as an incident of the estate conveyed to him just as a right of way or other easement or appurtenance used or enjoyed therewith would pass to him. No *delectus personæ* by the grantor is involved in the transmission of such a power, as is the case with a power in gross or a collateral one which can be exercised only by the persons designated in the instrument creating the power.

The absence of the word *assigns* from the clause of the mortgage granting the power of sale in the present case is unimportant for another reason. No words of inheritance are now necessary to pass an estate in fee to the grantee in a

deed, nor is the word *assigns* or any similar expression requis-
ite to pass to a mortgagee an assignable interest in the mort-
gaged property, and by parity of reasoning the presence of
any such words in a mortgage power of sale should not be
required to make it transmissible as an incident of the mort-
gagee's estate.

In *Dill* v. *Satterfield, supra*, the ratification of a sale of
mortgaged property, which had been made by an assignee of
the mortgage under a power of sale given to the mortgagee,
was excepted to upon the express ground that the power of
sale had been conferred upon the mortgagee alone and could
not be exercised by the assignee. This Court there held it
to be clear, upon the authority of *Berry* v. *Skinner, supra*, that
the power had been properly exercised although the appellant
was held not to be entitled to raise that question in this Court
because he had not appealed from the order overruling his
exceptions and ratifying the sale but from a subsequent order
awarding a writ of *habere facias* to the purchaser at the sale.

Nor do we think that the power of sale in this case was de-
stroyed because the mortgagee's estate was for a time vested
in the Safe Deposit and Trust Company. The charter of that
corporation is not in the record and we therefore do not know
what special powers it may possess. But assuming that it,
like the corporations which were before this Court in the cases
of *The Frostburg Mutual Bldg. Assn.* v. *Lowdermilk*, 50 Md.
179, and *The Queen City Bldg. Assn.* v. *Price*, 53 Md. 399, was
incapable of executing the power, it does not follow that when
the mortgage came to be vested in the appellee, who is en-
tirely unaffected by such incapacity, he should be deprived of
what was intended to be part of the mortgage security. The
inability of the Safe Deposit Company to execute the power
of sale did not arise from any defect in the power, but from
the infirmity of the company itself. The original donees of
the power were natural persons who were unaffected by any
disability and it was therefore validly created as an incident of
the mortgage estate and, as we have already said, it formed
part of the security itself and passed with the estate to the

successive assignees thereof.   It must upon principle be held
to have been exercisable by all such assignees except in so far
as they may by reason of their own disability have been in-
capable of executing it.

The order appealed from will be affirmed.

*Order affirmed with costs.*

(Decided January 17th, 1902.)