HOPE H. BARROLL, Assignee,

*vs.*

WILMER E. BENTON and ANNIE M. BENTON.

*Mortgages: powers of sale; section 6 of Article 66 of Code; personal trust; assignment; corporations. Representative capacities: execution of deeds; presumptions.*

The power of sale authorized by section 6 of Article 66 of the Code to be exercised by the mortgagee, or the person named in the mortgage, implies a personal trust, and is an obligation that a corporation is incapable of performing.        p. 176

A power of sale in a mortgage to a corporation or its unnamed attorney or agent is inoperative and void.        pp. 176-177

But if the mortgage confers the power of sale upon a mortgagee corporation, "its successors and assigns," or a designated person as attorney or agent, the assignee (and named attorney or agent) may execute the power if the mortgage so provides.        p. 177

Where the power of sale is in the first instance given to a mortgagee who is a natural person, the power is regarded as incident to the mortgage security, and as such passes to the successive assigns, even in the absence of any stipulation in the mortgage to that effect.        p. 177

In a mortgage a power of sale was conferred upon a corporation or H. H. B., its attorney or agent; the mortgage was transferred to another corporation, and by it assigned to the said H. H. B. for collection; he signed the advertisement as "assignee of the mortgage"; the report of sale was signed "assignee and trustee"; the bond (although referring to the assignment) was executed by him in his individual capacity; the condition of the bond was that he should well and faithfully perform "the trust reposed in him by said mortgage and any decree or order in the premises." *Held,* that a sale made by him in distinct reference to a power expressly and lawfully conferred upon him by the mortgage, was not rendered ineffective merely because the capacity in which he acts was not correctly stated.

p. 177

Where a party has various capacities and executes an authority delegated to him in one of those capacities, the law will attribute the act to the proper authority, although the party does not profess to execute it in virtue of tha paricular power.

pp. 177-178

*Decided June 25th, 1913.*

Appeal from the Circuit Court for Kent County, sitting in equity (ADKINS, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Hope H. Barroll* and *L. Wethered Barroll* submitted the case on brief for the appellant.

No appearance for the appellee.

URNER J., delivered the opinion of the Court.

This appeal is from an order vacating a sale of real estate reported to the Circuit Court for Kent County as having been made under a power of sale in a mortgage. The power

was conferred upon the mortgagee, "The Second National Bank of Chestertown, Maryland, or Hope H. Barroll, its attorney or agent." The mortgage was transferred to the Third National Bank of Chestertown, and having become overdue and being in part unpaid, it was assigned for collection to Mr. Barroll, who proceeded to execute the power of sale. In his advertisement and report the power contained in the mortgage is recited as the source of his authority to make the sale, but this right is treated as being vested in him by virtue of the assignment. The advertisement was signed by him as "Assignee of Mortgage," and the report of sale as "Assignee and Trustee." The bond which he filed preliminary to the sale refers to the assignment, but it was executed by him in his individual capacity, and its condition is that he shall well and faithfully perform "the trust reposed in him by said mortgage and any decree or order in the premises." The Court below set aside the sale on the ground that no valid authority to sell had been vested in the *mortgagee or its assigns.* This action was taken upon the theory that the power of sale which the mortgage attempted to give the mortgagee corporation was void and not susceptible of being transferred by assignment, and that as the assigns of the bank were not expressly authorized to execute the power, a sale reported as being made by an assignee of the mortgage could not be sustained.

The provision in sec. 6 of Art. 66 of the Code (1912), that: "In all mortgages there may be inserted a clause authorizing the mortgagee or any other person to be named therein to sell the mortgaged premises" has been held, in the light of other sections of the same article, to contemplate a *personal* trust and obligation which a corporation is incapable of performing. *Frostburg Mutual Building Association* v. *Lowdermilk,* 50 Md. 179; *Queen City Perpetual Building Association* v. *Price,* 53 Md. 399. It was accordingly decided in the cases just referred to that a power of sale thus sought to be given to a corporation, or its unnamed attorney or agent,

is, by reason of the corporate disability, inoperative and void.

, In *Chilton* v. *Brooks,* 71 Md. 445, the authority to sell was conferred by the mortgage upon the mortgagee corporation, "its successors and assigns," or a designated person as attorney or agent, and it was held that an assignee may execute the power if the mortgage so provides. Where, however, the mortgagee who is given the power in the first instance is a natural person, and, therefore, capable of executing the trust, it is regarded as an incident of the mortgage security and as such it passes to successive assigns even in the absence of a stipulation in the mortgage to that effect. *Maslin* v. *Marshall,* 94 Md. 484; *Barrick* v. *Horner,* 78 Md. 255; *Dill* v. *Satterfield,* 34 Md. 53; *Berry* v. *Skinner,* 30 Md. 567; *Mackubin* v. *Boarman,* 54 Md. 387.

In the case now before us there can be no doubt that the power of sale, being void as to the mortgagee corporation, and not being extended in terms to its assigns, could not be executed by the appellant if his right to make the sale depended solely upon his interest as the assignee of the mortgage. But it is apparent that regardless of the assignment the appellant had full authority, as the person named in the clause creating the power, to exercise it in his described character as attorney or agent. If he had signed the advertisement and report of sale in either of those capacities, the validity of the proceeding would have been beyond dispute. The practical inquiry, therefore, is whether the sale made by the appellant in distinct reference to a power expressly and lawfully conferred upon him by the mortgage must be held ineffectual because the capacity in which he acts is not correctly stated. This question is answered by the decisions in *Philbin* v. *Thurn,* 103 Md. 349; *State, use of Gable,* v. *Cheston and Carey,* 51 Md. 380; and *Flickinger* v. *Hull,* 5 Gill, 60. The principle applied in those cases is that: "Where a party has various capacities and executes an authority delegated to him in one of those capacities, the law

will attribute the act to the proper authority, although he does not profess to execute it in virtue of that particular power." *Gable* v. *Cheston, supra.* In the *Philbin case* a deed was made by grantors who described themselves as executors of the will of a designated testator. They were also trustees under the will. As executors they had no power to sell and convey the property, but they were fully authorized to do so as trustees. The opinion by JUDGE MCSHERRY says: "In exercising a power which they undoubtedly possessed as trustees they inadvertently described themselves as executors; and the question is, Does this erroneous designation of the capacity to which the power belonged defeat the act done, when the act done was clearly within the scope of their authority as trustees? Former decisions of this Court answer that inquiry in the negative."

The present case is governed by the same principle, and we must hold that as the appellant was duly empowered by the mortgage to sell the property in his capacity of attorney or agent, and as the obligation of his bond includes the performance of the trust reposed in him by the mortgage, the sale he reported is not rendered invalid by the misdescription of his capacity, but is properly sustainable as an exercise of the power with which he was actually invested and to which the proceedings expressly refer.

> *Order reversed and cause remanded, the costs to be paid out of the proceeds of sale.*