[No. 3158.   Nov. 9, 1927.]

STEWART v. SMALLING.

[261 Pac. 814.]

Henry G. Coors and Harold Perry, both of Albuquerque, and A. L. Zinn, of Gallup, for appellant.

·H. C. Denny, of Gallup, and Simms & Botts, of Albuquerque, for appellee.

### OPINION OF THE COURT

WATSON, J.   Appellant, as administrator for his deceased wife, advertised a sale of real estate under a mortgage given to his intestate containing, among its provisions, a power granted to said intestate, "or his agent or attorney," to sell the mortgaged property to satisfy the debt secured.

By the judgment here for review, the sale was enjoined upon the theory that the power was personal to the donee and ceased with her death.   Counsel agree that the sole question presented is whether the administrator possessed the power he was assuming to exercise.   Appellee's proposition in support of his judgment is that:

"The administrator of the estate of a deceased mortgagee cannot exercise a power of sale contained in the mortgage bestowed by the terms thereof on the 'party of the second part (mortgagee), or his agent or attorney'."

Appellant contends that the power in question was one

coupled with an interest and passed, with the interest, by operation of law, to the administrator. Appellee admits "that many general statements in support of appellant can be found in the books." Among these we note the following:

"Where, however, the agent has acquired with the power an estate or interest in the thing which is the subject of the agency, his death will not necessarily operate to defeat it. Thus the power of sale conferred upon a mortgagee is not revoked by his death, but may be exercised by his representatives or assigns." 2 Mechem on Agency (2d Ed.) § 672.

"These powers (mortgagee's power of sale) fall under the class of powers appendant or annexed to the estate, and they are powers coupled with an interest, and are irrevocable, and are deemed part of the mortgage security, and vest in any person, who, by assignment or otherwise, becomes entitled to the moneys secured to be paid." 4 Kent's Commentaries (14th Ed.) p. 166.

"Generally, a naked power of sale can be executed only by the person or persons named therein as donees or grantees; but if the power is coupled with an interest, it may be executed by those succeeding the donee or grantee in respect to duties imposed upon him." Case Note, 50 L. R. A. (N. S.) 604.

Counsel for appellee have examined all authorities cited to the texts above quoted. They conclude that, except for Maslin v. Marshall, 94 Md. 480, 51 A. 85, none of them justifies the broad statements. Some involve powers to the donee and his assigns. Some do not disclose the language of the grant. The Maryland case, which is admittedly in point, counsel do not regard as high authority, since other grounds of decision are given and no consideration is given to the history of the doctrine or the real principle involved. Counsel themselves suggest, however, what is no doubt the explanation of this dearth of adjudicated authority, namely, that usually the power is so drafted as to run not only to the mortgagee, but to his personal representatives and assigns.

While appellee has thus detracted somewhat from the authoritative value of the above quoted texts, he has not been able to produce any decisions in support of his own position. He is able to cite only 1 Sugden on Powers, 215, quoting therefrom as follows:

"Here we must be careful to distinguish cases where the power is originally authorized to be executed by the agent of the power

and his assigns; for in those cases where the power is annexed to an interest in the donee, it will pass with it to any person who comes to the estate under him, although there are twenty mesne assignments; and whether the claimant is an assignee in fact or an assignee in law, as an heir or executor."

Counsel contend that the author thus carefully limited the rule of survivorship or succession of the power to those cases where it is expressly made assignable.

The question whether a power is one coupled with an interest has usually arisen in considering the death of the donor, which, by operation of law, revokes the ordinary agency or naked power. Of course, parties may stipulate the terms of a power—whether it shall be revocable or irrevocable, and, if the former, under what conditions. It is when they have failed to stipulate that the law steps in and, on principles of natural justice, in certain cases, for the protection of the donee, says that the power is irrevocable. Where the power is truly one coupled with an interest, there is unanimity of opinion that even the death of the donor will not revoke it. It is therefore immaterial whether such a power is expressly made irrevocable by death or made binding upon the donor's heirs or personal representatives. If silent on that point, the law will supply the omission. We think the same principles apply in determining whether the power shall be irrevocable, transferrable, or shall pass with the interest to which it is appendant. The same principle of natural justice is involved. Moreover, there is less difficulty in applying the principle here than in the case of the death of the donor. To the doctrine that, where a mortgage is a mere lien, the mortgagee's power of sale is not revoked by the mortgagor's death, it is often urged, as an insuperable objection, that the mortgagee can sell and convey only in the name of the mortgagor, his principal, and the holder of the legal title. So the contention is the power cannot survive the mortgagor. No such difficulty is occasioned by the death of the mortgagee. So we think it follows on principle, if not from actual decisions, that if the power of a mortgagee may survive the mortgagor's death, it may survive the mortgagee's death and pass with the interest to his administrator. We think that appellee's counsel will not disagree with this conclusion. They tacitly admit

it by assuming the burden of establishing that such a power will not survive the death of the donor.

While all agree that a power really coupled with an interest is not revoked by operation of law upon the death of the donor, there has been no such agreement in applying the rule thus stated. Whether a mortgagee's power of sale is properly classified as one coupled with an interest has been the subject of much discussion and difference of opinion in jurisdictions where, as in New Mexico, the mortgage creates a mere lien. In Clevelana v. Bateman, 21 N. M. 675, 156 P. 648, Ann. Cas. 1918E, 1011, the question was carefully considered. This court there held that such a power should be so classified. With great force and ability, counsel for appellee now urge a reconsideration of the question and an overruling of the decision. This we recently declined to do, though about the same argument was before us. Baca v. Chavez, 32 N. M. 210, 252 P. 987, decided after the briefs in the present case were filed. For the reasons there given, we feel constrained to adhere to the doctrine, as stare decisis. Without inconsistency or confusion of principles, we can see no escape from appellant's contention.

The judgment must therefore be reversed. The cause will be remanded for disposition in accordance with these views.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.