541 A.2d 1328

**Horace P. WHITWORTH, Jr., Assignee**

v.

**ALGONQUIN ASSOCIATES, INC., et al.**

No. 1444, Sept. Term, 1987.

Court of Special Appeals of Maryland.

June 8, 1988.

**480**

Leonard J. Eiswert (Burnett, Eiswert & Janes, P.A., on the brief), Oakland, for appellant.

Thomas N. Berry, Cumberland, for appellees.

Argued before MOYLAN, BISHOP and POLLITT, JJ.

BISHOP, Judge.

Horace P. Whitworth, Jr. appeals from an Order of the Circuit Court for Allegany County by which the court refused to ratify a mortgage foreclosure sale. On appeal he asks:

May an assignee of a mortgage who is an attorney, but who is not an attorney designated by name in the original mortgage, exercise a power of sale granted in the mortgage to "the Mortgagee, its successors and assigns, or Carscaden, Gilchrist, Getty & Leasure", a law firm, where the mortgage was duly assigned by the corporate successor of the original corporate mortgagee to such assignee attorney for purposes of foreclosure?

## FACTS

A mortgage was given by Algonquin Associates, Inc. (appellees) as mortgagor and Nadeane A. Gurley as individual guarantor to the Cumberland Savings Bank to secure a debt. The mortgage, dated October 27, 1982, was properly recorded among the mortgage records of Allegany County. It contained a power of sale in case of default to "the Mortgagee, its successors and assigns, or Carscaden, Gilchrist, Getty & Leasure, its attorneys". The Cumberland Savings Bank subsequently merged with the First National Bank of Oakland whose successor bank is named the First United National Bank and Trust (First United).

The mortgage came into default and on July 18, 1986, First United assigned the mortgage to appellant, its general counsel, for foreclosure purposes. The assignment was filed among the land records of Allegany County. Foreclosure was effectuated on July 24, 1986, and on that date, the original mortgage and the assignment were filed along with the foreclosure. Appellant advertised and conducted the sale of the property. Appellees filed exceptions to the sale. The court sustained appellees' third exception; that an assignment for foreclosure to the general counsel, and not to the attorneys named in the mortgage, voids the sale.

After the court refused to ratify the sale, appellant filed a motion to alter or revise judgment which was denied. This appeal followed.

## MERITS

■ Powers of sale in a mortgage are governed by both the Annotated Code of Maryland and the Maryland Rules of Procedure. Specifically, MD. REAL PROP.CODE ANN. § 7–105(a) (1988 Repl.Vol.) provides:

> *Power of sale or assent to decree for sale.*—A provision may be inserted in a mortgage or deed of trust authorizing any natural person named in the instrument, including the secured party, to sell the property or declaring the borrower's assent to the passing of a decree for the sale of the property, on default in a condition on which the mortgage or deed of trust provides that a sale may be made. A sale made pursuant to this section or to the Maryland Rules, after final ratification by the court and grant of the property to the purchaser on payment of the purchase money, has the same effect as if the sale and grant were made under decree between the proper parties in relation to the mortgage or deed of trust and in the usual course of the court, and operates to pass all the title which the borrower had in the property at the time of the recording of the mortgage or deed of trust. (Emphasis added.)

Whereas, Md. Rule W74(c)(1) states:

> c. *Person Authorized to Sell.*
>
> 1. Under Power of Sale.
>
> A sale of property subject to a mortgage containing a power of sale shall be made by a natural person who is either the mortgagee, if he is granted such authority in the mortgage, or any other natural person designated by name in the mortgage to exercise the power of sale.

and Md. Rule W70(a)(2) defines mortgagee in the following manner:

### a. *Definitions*

\*   \*   \*   \*   \*   \*

2. "Mortgagee" includes the obligee named in a mortgage, his assignee and successor in interest.

Based upon these Rules, we find no requirement that an assignee of a mortgage be specifically named in the mortgage instrument to have the power to conduct a sale. The term "mortgagee" as used in Rule W74(c)(1) includes, by definition, an assignee and thus by substituting that term the Rule reads as follows:

A sale of property subject to a mortgage containing a power of sale shall be made by a natural person who is ... the mortgagee ... [or his assignee]....

That the assignee is an attorney is of no consequence under the applicable statute or rules and it is likewise of no consequence under our reading of the relevant case law.

Maryland case law makes clear that if the power to sell is given to a corporation and to no other party, it is void. *Queen City Build. Asso. v. Price,* 53 Md. 397 (1880); *Frostburg M.B.A. v. Lowdermilk,* 50 Md. 175 (1878). Someone capable of exercising the power must be named even if it merely means authorizing the assignees of the corporation to act where the assignor cannot, or naming a natural person other than the mortgagor. *Queen City,* 53 Md. at 401. Appellant claims that he was authorized to act on behalf of First National because he was its assignee. Appellees, on the other hand, argue that an attorney may only execute a power of sale if he is specifically named in the power of sale.

The trial court, in its opinion, stated that "[t]he assignee of a mortgage, if not a corporation, may execute the power as if designated by name, but an attorney may do so only if specially named" citing *Chilton v. Brooks,* 71 Md. 450, 18 A. 868 (1889). In *Chilton,* a mortgage was given to a bank which contained the following power of sale: "But in case of any default ... the said body corporate, its successors and assigns or Philip M. Snowden, its or their duly consti-

tuted attorney or agent, are hereby authorized and empowered to sell all the property hereby mortgaged...." On the same day as its execution, the mortgage was assigned to Chauncey Brooks. After Brooks died, the mortgage came into default and the authority of Brooks' executors to foreclose the mortgage was challenged. The Court upheld the executors' power and reiterated the general rule regarding corporate disability:

> All that was decided in those cases [*Frostburg* and *Queen City, supra* ] adversely to the power in the mortgages there involved, was that the power, being given to a corporation and to no one else, the power was void. It is necessary that someone capable of executing the power should be designated as authorized to execute it. For the want of such designation in [*Queen City* ] the 53 Md. case, the power was declared void; and in *Lowdermilk's Case* in 50 Md., nothing was decided but the inability of a corporation to execute the trust given by the power. In 53 Md. [*Queen City* ] the assignees of the mortgage were not named as clothed with the power, whilst here they are, by express language, mentioned as authorized to execute it, and in the alternative a designated attorney is authorized to execute it. It is conceded that the attorney who is named could have executed the power, but it is insisted that as to the assigns of the grantee the power was void. We do not think that is a warranted inference from the cases cited. On the contrary, we think that, in the building association case in 53 Md., it is plainly intimated that where assignees of the corporation are named as authorized to sell they may execute the power, although their assignor could not have done so. The Court in that case says, "if any other person than the mortgagee or his assigns be intended by the parties to the mortgage to execute the power, he or they must be specially named in the power."

71 Md. at 450–51, 18 A. 868. This language from *Chilton* makes clear that in cases such as this, where assignees are named as authorized to sell, there is no restriction on their

power.[1]  It is only when a sale by someone other than the mortgagee or the assignees is intended that the person must be specially named.  Nonetheless, the opinion in *Chilton* goes on to provide:

> The assignee, whoever he may be, (if not a corporation) may execute the power as if designated by name, *while an attorney may do it only when specifically named.* This seems to be the natural implication of the language used in 53 Md.; and we think those cases do not conflict in any degree with the view we now express in upholding the power in this case.  We think the assignee may execute the power if the power so states.

71 Md. at 451, 18 A. 868 (emphasis added).  Our reading of *Queen City,* however, unearths no support for the proposition that an attorney's authority to execute a power of sale is so limited.  In *Queen City,* the Court stated the general rule that "if any other person than the mortgagee or his assignee be intended by the parties to the mortgage to execute the power, he or they must be specially named" and then went on to hold that the power of sale in the mortgage was void because it imparted no power of sale to either the mortgagee corporation or to any agent or attorney that it might appoint.  53 Md. at 401.  The Court in *Queen City* did not, however, establish a rule of law which would prevent an attorney who is an assignee of the mortgagee from executing a power of sale unless specially named.  We interpret the italicized language in *Chilton* to mean that where a power of sale is granted to a corporation or its agent, an attorney acting as the agent of the corporation does not have the power to act unless he is specifically granted the power by name in the mortgage.  On the other hand, where the power is granted to a mortgagee corporation or its assigns, then an assignment of that power to an attorney is proper.

---

1.  The power of sale referred to "the Mortgagee, its successors and assigns. . . ."

We hold that when an attorney is acting as the assignee of the mortgage and not as its agent, he need not be specially named in the power of sale in order to have the authority to act. In the case *sub judice,* appellant, in his role as assignee of the mortgagee was authorized to conduct the mortgage foreclosure sale and the trial court was in error in refusing to ratify it.[2] In short the attorney named in the mortgage acquires no vested interest in the right to conduct the sale.

JUDGMENT REVERSED;

CASE REMANDED FOR FURTHER PROCEEDINGS.

COSTS TO BE PAID BY APPELLEES.

---

**2.** An attorney from the law firm of Carscaden, Gilchrist, Getty and Leasure would also have been authorized because the attorneys from that firm were specially named and thus could act as agents for the mortgagee.