CHARLES G. WATSON ET AL. *v.* HOME OWNERS' LOAN CORPORATION.

[No. 80, October Term, 1938.]

*Decided January 12th, 1939.*

The cause was submitted on briefs to BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Charles G. Watson,* for the appellants.

*William C. Walsh, Thomas E. Barrett, Jr.,* and *Risque W. Plummer,* for the appellee.

MITCHELL, J., delivered the opinion of the Court.

On February 23rd, 1935, Charles G. Watson and Catherine A. Watson, his wife, the appellants, executed a mortgage to Home Owners' Loan Corporation, to secure a loan in the sum of $3950.90, with interest to accrue thereon at the rate of five per cent per annum, upon property located in the City of Frostburg, in Allegany County, which sum with interest the mortgagors covenanted to pay to the mortgagee, in monthly instalments of $30.97, accounting from the date thereof; the same to be applied, first to interest on the unpaid balance, and the remainder to principal, until said debt was paid in full. The mortgage embraced the usual conditions in event of the failure of the mortgagors to comply with the terms thereof, and, in event of default in payment, provided the same was collected by an attorney at law, the mortgagors would pay all costs of collection, including a reasonable attorney's fee, not exceeding ten per cent.

It further provided that in event of default in the payment of the mortgage debt and interest, or any part thereof, the same remaining in such status for a period of ninety days, or a default in any agreement, covenant or condition of the mortgage, then, and in either of said events, the entire mortgage debt would be deemed due and demandable, at the option of the mortgagee, and it would be lawful for the mortgagee or its assigns, or John I. Rowe and Asa T. Matthews, or either of them, at any time after such default to sell the mortgaged prop-

erty, or so much thereof as might be necessary. to pay the accrued debt, and the costs incident to said sale; with the usual power to the person or persons making said sale to grant and convey the property so sold, and the direction as to the manner and terms under which the sale should be made, and the proceeds arising therefrom distributed.

It is conceded that there was default on the part of the mortgagors, and that accordingly the property secured thereby was sold at foreclosure sale. As a matter of fact, the record reveals that on April 9th, 1937, the date of the public sale of the property, nothing had been paid on account of the mortgage indebtedness, and an accumulation of interest to the extent of $292.84 had occurred.

The record shows that the mortgage was assigned for the purpose of foreclosure, in the following manner:

"For value received, the Home Owners' Loan Corporation hereby assigns the within mortgage unto William C. Walsh, Esquire, for the purpose of collection and foreclosure. As witness the seal of said corporation and the hand of Charles B. Lyddane, duly authorized, its Regional Treasurer, this 12th day of January, 1937.

"(Corporate Seal)                    Charles B. Lyddane,
                             "Regional Treasurer.
"Witness: Esther Reamer."

It further shows that the sale was made by Mr. Walsh as assignee; that an order *nisi* was passed and published thereon; that no exceptions were filed, and the sale finally ratified on May 15th, 1937; and that in due course an audit of the transaction was made, and, without exception, finally ratified as of June 25th, 1937.

Nothing further transpired in the case until on November 12th, 1937, when Mr. Walsh, as attorney for Home Owners' Loan Corporation, a United States corporation, the mortgagee, and purchaser at the sale, filed a petition to the court on behalf of the purchaser, reciting the refusal of the mortgagors to vacate and surrender the mortgaged premises, and praying the court's order requiring the mortgagors, then in possession and resid-

ing upon said premises, to give and deliver full and complete possession thereof to the petitioner. A *nisi* order was passed on the above petition, and, within the time prescribed to show cause why the petition should not be granted, the mortgagors answered.

The answer sets up the invalidity of the sale, based upon the alleged ground that the Home Owners' Land Corporation had no authority to assign the mortgage for the purpose of foreclosure, and that, therefore, the sale thereunder by Mr. Walsh was null and void, because the power of sale, being vested in attorneys named in the mortgage, could not be transferred, it being contended that the corporation itself could not exercise the power of sale, nor empower any one, other than the person or persons named in the mortgage for the purposes of the sale, so to do. But see *Barroll v. Benton,* 121 Md. 174, 88 A. 101.

For the above reason, it was submitted in the answer that the sale be declared null and void, and that the petition for possession of the premises by the purchaser be denied.

The lower court, however, on March 19th, 1938, overruled the objection sought to be asserted as to the validity of the sale, and in its opinion indicated that it would sign an order authorizing a writ *habere facias possessionem.*

Instead of procuring the writ, in accordance with the suggestion of the court, it appears that on April 6th, 1938, a second petition for the writ, identical in form with the petition first filed, was inadvertently filed by the attorney for the purchaser, and an order to show cause on or before the 27th day of April, 1938, was passed by the court on the same day.

The record shows that on April 11th, 1938, and before any hearing was had on the second *nisi* order, an appeal was noted by the appellants.

Subsequently, on April 19th, 1938, a petition to withdraw the second petition above set forth was filed by the appellee, alleging that the same has been erroneously

filed; and on the same day the court passed an order authorizing the withdrawal, and directing that the writ issue, unless cause to the contrary be shown by the appellants on or before the 30th day of April, 1938. In response to the latter order, the appellants filed, on April 30th, 1938, an answer wherein they set forth that the petition filed on the 6th day of April, 1938, worked an abandonment of the petition filed on the 12th of November, 1937, in which no decree had been passed; that the court was without jurisdiction to pass the order allowing the appellee to withdraw the petition without giving the appellants an opportunity to be heard in the matter. And submitting in their answer that the second petition reopened the proceedings, the appellants, on June 7th, 1938, dismissed the appeal above noted.

On June 16th, 1938, the court passed an order granting leave to withdraw from the proceedings the petition filed on April 6th, 1938, and authorized the issuance of the writ in accordance with the application of the first petition therefor, the writ being issued on the same day. It is from the latter order that this appeal was taken; and it is urged by the appellants that because, for reasons assigned in their answer to the original petition, the sale as made by William C. Walsh, the assignee, was void *ab initio*, the appellee, as purchaser at said sale, was therefore not entitled to the writ.

It is noted in the record that at the end of the signature of the clerk of the court to the writ, the following appears: "Premises voluntarily vacated on the 7th day of July, 1938." This notation would indicate that it is intended to represent the return of the sheriff on the writ; but it is not officially signed by the sheriff, and we have no way of assuming, as contended by the appellee in its brief, that such a return was made by the sheriff. It is obvious that if the premises involved in the mortgage sale proceedings were voluntarily abandoned by the appellants, and the writ designed to restore the possession of the property to the purchaser has been returned showing this status of the matter, the questions

now raised by this appeal are moot; and consequently, even if we reversed the judgment below, the sheriff, having duly returned the writ from which the appeal was taken, would be powerless to proceed further thereunder.

We do not deem it necessary to discuss further this phase of the matter, however, as it seems well settled in this state that the appellants are now precluded from presenting the questions they seek to raise in this appeal.

Article 66 of the Code relates in part to proceedings for the foreclosure of mortgages under the jurisdiction of the equity courts of this state. Section 19 thereof provides: "The purchaser of any estate or interest in lands and tenements sold under this article, on the confirmation of the sale to him, shall be entitled to sue forth out of the court confirming the same, a writ of possession against the mortgagor, his heirs, executors or assigns, if the same shall be in his or her possession, directed to the sheriff of the county or city, commanding him to put such purchaser into possession of such mortgaged property, which shall be executed in the same manner as other writs of possession"; and section 99 of article 75 of the Code provides for the judicial procedure under which writs in the nature of *habere facias possessionem* may be applied for to the court in which the foreclosure proceedings are pending, by a purchaser at a mortgage sale.

While the granting of the writ involves a judicial act, the proceedings thereunder are, nevertheless, summary in their nature, and are designed to give to a purchaser under a judicial sale the speedy possession of the property sold, in contrast with the less summary procedure previously resorted to by such purchasers for the purpose of obtaining possession. *Miller's Eq. Proc.*, sec. 532.

As has been indicated, the appellants in the instant case filed no exceptions to the report of the sale, and the same was made under regular equity procedure, after conceded default in the terms of the mortgage, and was finally ratified. But notwithstanding this fact, they now seek to attack the validity of the sale upon the alleged

ground that the power of sale contained in the mortgage was conferred only upon the two persons named therein for the purpose of making the sale in event of default, and that therefore the assignment, in manner hereinbefore detailed, to William C. Walsh, the attorney who made the sale, was of no effect; and that the sale made by Mr. Walsh was null and void.

We cannot agree with that contention, because the final ratification of the sale having been decreed by the court, the same cannot be questioned in a collateral proceeding such as that now before us. In *Dill v. Satterfield,* 34 Md. 52, the mortgagors were unsuccessful in their exceptions to the sale, and, after the final ratification thereof, upon a petition by the purchaser for a writ of *habere facias possessionem,* contended that the power of sale in that case, as in this, was not assignable; and it was said: "The second cause or ground alleged, remains to be considered. This rests upon the position that the power to sell was conferred on the mortgagee alone, and could not be executed by the assignee of the mortgage. This objection was open to the appellant before the sale was ratified, and the record shows that it was then made and decided by the court, when they disposed of the exceptions to the sale. We concur with the court below in the opinion that the decision of the question then made concluded the appellant; and that he could not afterwards raise it, in a collateral way; in answer to the application for the writ of *habere.*" *Albert v. Hamilton,* 76 Md. 304, 25 A. 341; *Bainder v. Sound Bldg. & Loan Assn.,* 161 Md. 597, 158 A. 2; *Kirsner v. Cohen,* 171 Md. 687, 190 A. 520.

*Order affirmed, with costs to the appellee.*