J. MILLARD TAWES, COMPTROLLER OF MARYLAND, *v.* HOME OWNERS' LOAN CORPORATION OF WASHINGTON, D. C.

[No. 79, October Term, 1941.]

402

*Decided March 3, 1942.*

The cause was argued before SLOAN, JOHNSON, DELA-
PLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Hall Hammond, Deputy Attorney General,* and *Robert
R. Bowie, Assistant Attorney General,* with whom was
*William C. Walsh, Attorney General,* on the brief, for
the appellant.

*Philip B. Perlman,* with whom were *John I. Rowe* and
*William R. Burns* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for
Anne Arundel County sustaining a demurrer of the plain-

tiff to the defendant's answer to the plaintiff's petition for a writ of mandamus which ordered the clerk to issue the writ as prayed.

The plaintiff is the Home Owners' Loan Corporation, a corporation of the United States; the defendant, J. Millard Tawes, Comptroller of the State of Maryland. The plaintiff filed its petition for a writ of mandamus to compel the defendant to refund certain recordation taxes and taxes on conveyances paid by the plaintiff to clerks of courts all over the State, which had in turn been paid by such clerks to the comptroller, amounting to $3,-034.80. The plaintiff claimed that it was exempt from these taxes under the Home Owners' Loan Act of Congress of 1933, 12 U. S. C. A., Sec. 1461 et seq.

The petition stated that the amount of taxes which had been paid by the plaintiff on deeds and mortgages amounted to nearly $10,000, all paid under written protest, but necessary to be paid and stamps attached before the deeds and mortgages would be accepted for recordation. That on March 12, 1938, the plaintiff filed a petition in the Baltimore City Court against M. Luther Pittman, Clerk of the Superior Court of Baltimore, to compel him to record a certain mortgage to the plaintiff without payment of the tax of 10 cents for each $100, or fractional part thereof, of the principal debt, and the charge of 50 cents recordation tax for each instrument, as provided for by the Act of 1937 (Sp. S.), Ch. 11, Secs. 220, 221. Code, 1939, Art. 81, Secs. 220, 221. From a decision favorable to the plaintiff, the defendant appealed to this court, and the order of the trial court affirmed. *Pittman v. Home Owners' Loan Corporation,* 175 Md. 512, 2 A. 2d 689. An appeal was taken to the United States Supreme Court, and the decision of this court affirmed. 308 U. S. 21, 60 S. Ct. 15, 84 L. Ed. 11, 16, 124 *A. L. R.* 1263. All that was involved in that case was an original mortgage to the Home Owners' Loan Corporation, from the payment of any tax on which it was held to be exempt. After that decision the Comptroller of Maryland refunded to the Home Owners' Loan

Corporation the sum of $6,586.65, the aggregate of all taxes on the principal of all mortgages and on the consideration of all deeds taken by it and the 50-cent recordation tax, on the advice of the attorney general, who advised him that the corporation was exempt from the payment of any tax on deeds and mortgages to it, but that he should not refund the taxes on deeds from the corporation to private individuals or corporations. He accordingly retained the sum of $3,034.80 of all such taxes claimed by the corporation. Thereupon the corporation again filed a petition for the writ of mandamus to compel the comptroller to refund the money so retained by him. The comptroller demurred and from an order overruling his demurrer, he answered; the corporation demurred to the answer, and from an order sustaining the demurrer, the defendant appeals.

In the opinion of this court, the demurrer to the corporation's petition should have been sustained.

In its petition the corporation said it had loaned in the State $45,579,033, secured by 15,940 mortgages; and since the closing of its refinancing loans, it had acquired title to more than 3,000 separate parcels of real property, and in the resale it was necessary frequently to take purchase-money mortgages to secure the purchase money, and that when deeds to the purchasers were executed and mortgages taken from them, it was necessary for its protection to have the deed recorded before the mortgage, and the tax on the deeds and the 50-cent recordation fee were demanded before the clerks would accept the deeds for record. It was not disputed, in fact conceded, that when any purchasers paid for such property in full in cash, the deeds were delivered, and the tax on such deeds was no concern of the corporation. So what is the difference whether the purchase money is paid in cash, part cash and part mortgage, or all mortgage? If, in one case, it is the grantee who must pay the tax to get his deed on record, why not the others?

The *Pittman Case, supra,* did not have the same facts or question presented as here. There the only question

was the right of the clerks in this State to require the mortgagee, the Home Owners' Loan Corporation, to pay the two taxes required by the Act of 1937, before the clerks could accept the mortgages for record. Here the question is whether it is a tax imposed on the corporation when, for its own protection, it pays the tax on its deeds to its purchasers, as any other prudent real estate dealer or agent would do, and the Home Owners' Loan Corporation is now a real estate dealer in a large way.

In the *Pitman Case, supra,* this court followed the decision in *Federal Land Bank of New Orleans v. Crosland,* 261 U. S. 374, 43 S. Ct. 385, 67 L. Ed. 703, 20 *A. L. R.* 1, which was an appeal from 207 Ala. 456, 93 So. 7. In that case the State of Alabama had a statute imposing a recordation tax of 15 cents on each $100 of the principal sum secured to be paid for by the lender, with a penalty on any probate judge receiving a mortgage for record without collecting the "recording or registration tax," and it was there held that the Federal Land Bank of New Orleans was exempt from the payment of the tax. Our statute, Code, 1939, Art. 81, Sec. 220, imposes a tax on deeds and mortgages, but is silent as to the person who should pay it. It says that the clerks shall collect the tax "for each instrument offered for record and recorded." The presentation for record is the act of the grantee, and the tax is based on the actual consideration paid or loaned. Section 220 exempts all purchase-money mortgages, which is meaningless as to the appellee's mortgages since the decision in the *Pittman Cases,* by which the appellee is exempt anyhow, and since then, no demand has been made for the payment of the tax on any of its mortgages. The practical reason advanced by the appellee for the avoidance of the tax on deeds made by it is that the properties are frequently sold at a loss. It is conceded that if the consideration for the deeds is paid to the appellee in full that the grantee would be obliged to pay the tax before his deed would be received for record, whether the land be sold at a profit or loss. The appellee may see that both deed and

mortgage are presented for record, but in theory, at least, it presents the deed for record as the agent of the grantee. When a deed is presented for record it is the grantee's deed, not the grantor's. The latter has parted with it, even if it did take it to the court house for record, and there is no provision in the law that the grantor pay the tax. It is proper to assume that the grantor has added the recording fees and taxes to the expense and collected from the grantee.

Entertaining this view, it is unnecessary to discuss the question of the application of Section 32, Article 3 of the Constitution of Maryland (*Red Star Line v. Baughman,* 153 Md. 607, 611, 139 A. 291), nor of the Act of 1941, Ch. 701.

For the reason that no tax is imposed on the petitioner, appellee, for deeds from it, the order appealed from should be reversed.

*Order reversed with costs.*