## FLETCHER *v.* FLOURNOY ET AL.
### (Two Appeals in Separate Records)
[Nos. 157-158, October Term, 1950.]

*Decided May 23, 1951.*

*Rehearing denied June 28, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

Submitted on brief by *Edmond C. Fletcher* in proper person.

*Charles E. Hogg,* with whom were *John L. Clark* and *Charles W. Prettyman* on the brief, for the appellees.

MARKELL, J., delivered the opinion of the Court.

These are appeals from summary judgments, and orders refusing to strike out the summary judgments, for the defendants in two ejectment cases. In both cases the plaintiff is the same, and except the defendants, dates and properties, the facts are substantially identical. An opinion in No. 157 will therefore serve for both cases.

The declaration, filed September 27, 1950, alleges that "on November 25, 1936 and at all times thereafter" plaintiff was and is now "the owner in fee and entitled to the possession of" described parcels of land in Montgomery County; on October 4, 1940 defendant wrongfully entered, to the exclusion of plaintiff, and ever since has wrongfully withheld and now wrongfully withholds possession. Judgment is prayed for possession and damages. On October 10th defendant pleaded that in a certain cause, No. 8023, Equity, in the same court, plaintiff "claimed the same right of possession of the premises which is the subject of the instant cause", and the court on June 8, 1937, ordered plaintiff "to vacate said premises and deliver possession of the same by virtue of a writ in the nature of *habere facias possessionem* to the Home Owners Loan Corporation", which order and writ was executed on June 15, 1937; "the controversy sought to be raised herewith was then fully determined by the court adversely to * * * plaintiff * * *;" defendant occupies the premises "through and under a grant in fee simple from * * * Home Owners Loan Corporation".

On October 11th defendant filed a motion "to enter summary judgment in his favor as to all the claim of the plaintiff * * *, upon the ground that there is no genuine dispute as to any material fact *with respect to the prior decision of this court* and that he is entitled to said judgment as a matter of law." [Italics supplied.] With the exception of the italicized words, the words quoted are those of Rule 1 (*a*) of the Summary Judgment rules. One of plaintiff's contentions here and in the lower court is that the motion, as narrowed by the italicized words, is not authorized by the rules. Manifestly the italicized words do narrow the words of the rule. How or why a litigant, not under compulsion of facts, should so depart from the simple words of a simple rule passes understanding. If the lower court for this reason had denied a summary judgment, its action would not have been erroneous. The question now presented is whether the action of the court in granting summary

judgment constitutes reversible error, even if it appears, in accordance with the rules, that in fact there is no genuine dispute as to any material fact. We think not. A motion for a summary judgment, like a supporting or opposing affidavit, is not a pleading (*Molesworth v. Schmidt*, 196 Md. 15, 20, 75 A. 2d 100, 102) ; it is only a motion. That a motion is not always an indispensable prerequisite to obtaining a summary judgment is illustrated by the provision in Rule 4 (*a*), "Where appropriate, the court on the hearing may render judgment for the opposing party even though he has not filed a cross-motion for summary judgment." In the Federal Rules of Civil Procedure Rule 56 (*a*), authorizing a motion for summary judgment, does not specify any "ground" for the motion, but Rule 56 (*c*), like Maryland Rule 4 (*a*), makes it the ground for judgment, *i.e.*, for granting the motion, "that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." The Maryland Summary Judgment rules are "based on Rule 56 of the Federal Rules of Civil Procedure, with certain changes to adapt it to the existing Maryland procedural system." *Reporter's Explanatory Notes, Code,* 1947 Supp., p. 2113. In general, the effect of the changes in Maryland was not to restrict or narrow, but to broaden, the federal rule. Moreover, the Summary Judgment rules, unlike the former Speedy Judgment Acts, do not preclude amendments in such proceedings. *Cf.,* Rules 2 and 4 (*e*).

Rules 1(*b*) and 2 provide, "Rule 1(*b*). The motion must be supported by affidavit when filed with the pleading asserting the claim or before the defending party has pleaded in answer to it; otherwise the motion may be made with or without supporting affidavits. The adverse party may file opposing affidavits before the day of the hearing. Rule 2. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn, or certi-

fied or photostatic copies of all material papers or parts thereof referred to in an affidavit shall be attached thereto or filed therewith or their absence satisfactorily explained. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits." In the instant case the motion was filed after, not before, defendant's plea. Therefore, a supporting affidavit was not required by the rule, if not required by the nature of the case. Defendant filed an affidavit, made by himself, "to the best of his knowledge, information and belief". As such an affidavit is clearly not in accord with Rule 2, it must be disregarded. *State of Washington v. Maricopa County*, 9th Cir. 143 F. 2d 871, 873. The fact that such a loose form of affidavit is widely used in Maryland only emphasizes the fact that Rule 2 requires more. Indeed, although Chancellor Bland in *Coale v. Chase*, 1 Bl. 136, said that in Maryland there had been, as far back as his observation extended, a very great neglect of all regularity in the form of affidavits, (*Triebert v. Burgess*, 11 Md. 452, 459-461), this court in *Fowble v. Kemp*, 92 Md. 630, 639-641, 48 A. 379, held that affidavits to a bill for injunction should be made on personal knowledge.

On October 16th plaintiff filed a replication, by which he, "as to defendant's plea, denies that the alleged Home Owners Loan Corporation, as mentioned in said plea, was, on June 8, 1937, June 15, 1937, or any other time, or is now, a body corporate either Federal or State and denies that such entity, by reason of its non-existence as a body corporate, had the lawful right to acquire the title to or possession of land in the State of Maryland, nor to any relief or standing in the Courts of Maryland." The summary judgment was granted on December 14th. When the judgment was granted, the pleadings presented the declaration, the plea and the replication. A plea of *res adjudicata* need not set out the prior judgment or record. Code, Art. 75, sec. 28, subsec. (54); *Giessman v. Garrett County*, 185 Md. 350, 361, 44 A. 2d 862. Such a plea may lead to issues of law (*e.g.*, a

replication of *nul tiel record,* to be decided by the court, by inspection and examination of the record, *Poe* on *Pleading,* §624) or issues of fact, on which parol evidence is admissible, or both. In ejectment a plea which set up a judgment in a prior "action of ejectment to recover the same land" was held bad on demurrer (*Brooke v. Gregg,* 89 Md. 234, 237-238, 43 A. 38, 39) because two actions to recover the same land are not necessarily claims "on the same cause of action". Whether the plea in the instant case would be good on demurrer is a question not free from doubt. The declaration claims ownership in fee simple; the plea says in the prior case plaintiff "claimed the same right of possession", and the controversy now raised was then fully determined. We think these allegations negative expiration of leaseholds or other limited estates or interests or creation of new or enlargement of old interests since the prior judgment.

If the plea is a good plea (as we hold it is), then the facts alleged in it stand, on motion for summary judgment, unchallenged except by the replication and by an affidavit filed by plaintiff before the judgment was granted. The affidavit is not printed as such, but is set out, apparently in full, in Judge Boylan's opinion. In his affidavit plaintiff alleges that "there are several genuine disputes as to several material facts as shown by the pleadings and admissions on file, *viz.,* "a. Whether the Home Owners Loan Corporation was an existing body corporate on March 14, 1934; b. Whether the mortgage of Sue S. Poston and husband to the alleged Home Owners Loan Corporation dated March 14, 1934, is void or valid; c. Whether the assignment of the alleged mortgage by the Home Owners Loan Corporation is void or valid; d. Whether the alleged foreclosure proceedings No. 8023 Equity in the Circuit Court for Montgomery County are void for want of jurisdiction; e. Whether the deed of Sue S. Poston, widow, dated November 25, 1936, conveyed to Edmond S. Fletcher the lands involved in this suit; f. Whether the plaintiff had the legal title

to such premises at the time of the institution of this action; e. Whether the defendant wrongfully entered into possession of said property and exercised acts of ownership since October 4, 1940, without right." These allegations set forth no "such facts as would be admissible in evidence", and do not show "that the affiant is competent to testify to the matters stated therein". They state only legal or argumentative conclusions. *State of Washington v. Maricopa County, supra.* All these seven "disputes as to facts" seem to be conclusions from the allegation in the replication that Home Owners Loan Corporation was never validly incorporated. Some of these conclusions (*e.g.* as to jurisdiction of the court in the prior case) conceivably might be drawn from other facts, but no such facts are stated, in the pleadings or in the affidavit.

At the argument defendant said that in the lower court the original papers in the prior case (or copies?) were submitted to Judge Boylan, whether in connection with the pleadings or with defendant's affidavit, which we hold must be disregarded. We are asked to say that the lower court—and this court—may take judicial notice of the record in that case in Montgomery County, in the court in which the instant case was instituted and from which it was removed to Howard County. In a recent case of the present plaintiff against Judge Bryan, (*Fletcher v. Bryan,* 175 F. 2d 716, 717) the United States Court of Appeals for the Fourth Circuit quoted and followed a statement in its opinion by Judge Soper in *Morse v. Lewis,* 4 Cir., 54 F. 2d 1027, 1029, "The general rule undoubtedly is that a court will not travel outside the record of the case before it in order to take notice of the proceedings in another case, even between the same parties, and in the same court, unless the proceedings are put in evidence; and the rule is sometimes enforced with considerable strictness. * * * But in exceptional cases, as high authority shows, the dictates of logic will yield to the demands of justice, and the courts in order to reach a just result, will make use of

established and uncontroverted facts not formally of record in the pending litigation." In the instant case, the demands of justice do not suggest an exception to settled rules. Rule 2 itself provides a simple and inexpensive way to present such records in the form of "sworn, or certified or photostatic copies" attached to or filed with an affidavit. This court, like the Supreme Court (*DeBearn v. Safe Deposit and Trust Company,* 233 U. S. 24, 32, 34 S. Ct. 584, 58 L. Ed. 833) takes judicial notice of its own records, in the instant case as in other cases. *Christopher v. Sisk,* 133 Md. 48, 50, 104 A. 355; *Snodgrass v. Stubbs,* 192 Md. 287, 292, 64 A. 2d 130, 133. As to trial courts, the general rule stated by Judge Soper is law in Maryland. This situation has for many years been regulated by statutes which make original papers admissible in lieu of certified copies. Code, Art. 35, sec. 88; Baltimore City Charter, (1949 Ed.), sec. 308. If in this respect the scope of judicial notice should be broadened, we can accomplish such a result only by exercise of the rule-making power, not by departing from settled law in a particular case.

There is no merit in plaintiff's contention that the Summary Judgment rules are unconstitutional because they impair the constitutional right of trial by jury. They do not impair the right of trial by jury. They merely operate to determine what, if any, issues are to be tried by jury. *Fidelity and Deposit Company v. United States,* 187 U. S. 315, 23 S. Ct. 120, 47 L. Ed. 194. In this respect they serve the same purpose, it is hoped more effectually, as the several Speedy Judgment Acts which were in force over a period of almost ninety years, and the system of common law pleading which is almost as old as trial by jury itself.

The sole basis of plaintiff's other contentions is the one stated in his replication, *viz.,* that Home Owners Loan Corporation was not validly incorporated. This is a purely legal contention and involves no dispute as to any fact. "The Home Owners' Loan Corporation was created pursuant to § 4 (a) of the Home Owners' Loan

Act of 1933, 48 Stat. 128, 12 U. S. C. § 1461 *et seq.*, which was enacted to provide emergency relief to home owners, particularly to assist them with respect to home mortgage indebtedness." *Graves v. New York ex rel. O'Keefe,* 306 U. S. 466, 476, 59 S. Ct. 595, 596, 83 L. Ed. 927; *cf. Pittman v. Home Owners' Loan Corporation,* 175 Md. 512, 514, 2 A. 2d 689. The Federal Home Loan Bank Board was authorized and directed "to create a corporation to be known as the Home Owners Loan Corporation". This the board did by executing a certificate which may be said to constitute Home Owners Loan Corporation's charter. Plaintiff's contention is that Home Owners Loan Corporation was not "created pursuant to § 4 (a) of the Home Owners Loan Act of 1933" as the Supreme Court says it was, and was not created at all, because it did not obtain a charter from the United States or any state; that the statute did not authorize the board "to create a corporation" but only to cause a corporation to be created under the general corporation laws of the District of Columbia or of some state. Apparently plaintiff is the only person who has ever made this contention, but this is not the first time he has made it. Precisely the same contention was made by him and was exhaustively and patiently reviewed by the Court of Appeals of the District of Columbia and rejected in a full and able opinion in *Fletcher v. Jones,* 70 App. D. C. 179, 105 F. 2d 58, *certiorari* denied, 308 U. S. 555, 60 S. Ct. 116, 84 L. Ed. 467. The same contention was again made by plaintiff and again rejected, and a summary judgment was affirmed, by the same court, on the authority of that case, in *United States ex rel. Fletcher v. Fahey,* 73 App. D. C. 257, 121 F. 2d 28. Denial of *certiorari* is not an authoritative decision on any question decided by the lower court; the above quoted statement by the Supreme Court was made in a case in which the statement was not disputed. Nevertheless, until the Supreme Court holds otherwise, we regard these two decisions of the Court of Appeals of the District of Columbia, denial of certiorari by the

Supreme Court, and the quoted statement in the *O'Keefe* case as conclusive of the federal question whether Home Owners Loan Corporation was validly incorporated. We also concur in the reasoning of the Court of Appeals, including its holding that the charter of Home Owners Loan Corporation is a public record of which the courts take judicial notice. The existence of the Home Owners Loan Corporation, though never before questioned in this court, has repeatedly been assumed and recognized. *Hart v. Home Owners' Loan Corporation,* 169 Md. 446, 182 A. 322; *Home Owners' Loan Corporation v. Baltimore,* 175 Md. 676, 3 A. 2d 747; *Pittman v. Home Owners' Loan Corporation,* 175 Md. 512, 2 A. 2d 689; *Watson v. Home Owners' Loan Corporation,* 176 Md. 36, 3 A. 2d 715; *Tawes v. Home Owners' Loan Corporation,* 180 Md. 401, 24 A. 2d 781.

In rejecting plaintiff's contention that Home Owners Loan Corporation was not validly incorporated we do not suggest that, if it had not been validly incorporated, plaintiff's conclusions from that premise would be warranted, *e.g.,* that the non-existent corporation's property, including property acquired and also disposed of by it, would revert to its debtors and grantors and not to, or in trust for, its creditors, including the United States, or that this point could be made after final ratification of a mortgage sale. *Watson v. Home Owners' Loan Corporation,* 176 Md. 36, 3 A. 2d 715.

The only genuine question in suit between plaintiff and defendant was whether Home Owners Loan Corporation was validly incorporated. This was purely a question of law, and in view of previous decisions an insubstantial question. The case is peculiarly appropriate for summary judgment. The serious question in this court has been whether defendant's apparent right to summary judgment has been defeated by defendant's disregard of provisions of the Summary Judgment rules. We conclude it has not. In other circumstances in another case the result of disregard of rules may be different.

*Judgments affirmed, with costs.*