## LEONARD J. KERPELMAN *v.* FRANK BARRASH

[No. 105, September Term, 1976.]

*Decided December 2, 1976.*

The cause was argued before GILBERT, C. J., and MELVIN and LISS, JJ.

*Leonard J. Kerpelman,* in proper person, for appellant.

*D. Christopher Ohly,* with whom was *Joseph S. Kaufman* on the brief, for appellee.

MELVIN, J., delivered the opinion of the Court.

In March 1972, the appellant (plaintiff below), Leonard J. Kerpelman, Esquire, an attorney at law, represented Lily F. Barrash in a suit for separate maintenance that she brought

---

against her husband, Frank M. Barrash, the appellee (defendant below) in the instant proceedings. In the suit she also asked for an allowance of counsel fees. The husband countered with a cross-bill in which he sought a divorce *a mensa et thoro* grounded upon allegations that the wife "did on or about February 29, 1972, and without any just cause or reason, abandon and desert . . ." him. On June 22, 1972, the case came on for trial on the merits. On June 23, 1972, the chancellor passed a decree granting the husband a divorce *a mensa et thoro* and dismissing the wife's bill of complaint. On 24 July 1972, the wife filed a petition seeking a rehearing under Rule 690 and revision of judgment under Rule 625. From an order denying the petition the wife appealed to this Court. In an unreported opinion (*Barrash v. Barrash*, No. 657, Sept. Term 1973, filed April 8, 1974), after finding that the evidence supported the trier of facts in his conclusion that the wife had deserted the husband and that there was "no showing of a colorable meritorious defense or of a colorable right to relief under her original bill", we affirmed the order.

In the meantime, the husband, after filing a supplemental cross-bill of complaint, had obtained a divorce *a vinculo matrimonii*, the decree therefor being dated 20 December 1973. The decree reserved for future resolution the question of an award for counsel fees of the wife.[1]

On 12 June 1974, Mr. Kerpelman, on behalf of the wife, filed in the divorce proceedings a "Petition for Counsel Fee" asking the chancellor "to award him a reasonable fee for the services he has rendered to the Complainant". The petition alleged the particular services rendered, the time spent in rendering them (175½ hours) and further alleged "that the sum of $95 per hour would be a fair and reasonable rate of compensation for his particular said professional services, or the sum of $16,672.50". The petition further alleged the financial status, respectively, of the wife and the husband.

1. Apparently, the reason for keeping open the question of counsel fees was because the appeal in Barrash v. Barrash, *supra*, was still pending and Kerpelman's services had not been completed.

The petition for counsel fees came on for hearing before Judge Marshall A. Levin on 9 September 1974. The transcript of the hearing reveals that at the outset, before any .evidence or arguments on the merits of the petition were heard, Mr. Kerpelman said to the court:

"If Your Honor please, I wish to dismiss my petition for counsel fee. I intend to proceed instead by an action at law, which would allow me a right of trial by jury."

There then followed a colloquy between the court and both counsel concerning whether the dismissal should be with prejudice or without prejudice. The husband's counsel urged that dismissal be with prejudice and opined that the issue of counsel fees "was reserved by this Court in its decree of December 20, 1973 . . . [and] the issue was before the Court, and if it is dismissed . . . it is res judicata and I want that on the Record". Mr. Kerpelman responded that he disagreed "that it could be res judicata". Judge Levin ruled:

"Now as to whether it would be res judicata I am not called upon to make that decision at this point and, therefore, I won't. And, of course, counsel for the ex-wife has the right to withdraw her petition. Now whether it's a matter that could have been litigated and therefore forecloses her in the future is something as I say I won't decide. All I can say is that this Court is ready, willing and able to determine the matter of counsel fee. It is traditional that counsel fee is decided in an equity case and as I say I am available, but if the wife doesn't want to pursue it, therefore, Mr. Kaufman, will you kindly draw an order dismissing the petition. You will not put in anything to the effect that it's res judicata."

Judge Levin's written order following the hearing was as follows:

"On September 9, 1974, the above matter came on for hearing on the matter of the petition of Leonard

J. Kerpelman, Esq., Solicitor for Lily F. Barrash (Kerpelman) for counsel fee, both Kerpelman and Joseph S. Kaufman, Esq., Solicitor for Frank M. Barrash (Kaufman) being present. Upon the oral motion of Kerpelman to dismiss his petition for counsel fee (although the Court was ready, willing and able to determine the matter of counsel fee), it is on September 9, 1974 by the Circuit Court No. 2 of Baltimore City

ORDERED that the petition of Kerpelman for counsel fee in the above matter be and the same is hereby dismissed, and it is

FURTHER ORDERED that Lily F. Barrash shall pay the costs of these proceedings."

Seven months later, on 17 April 1975, Mr. Kerpelman, on his own behalf, filed a declaration at law against the husband, the appellee herein. The allegations in the declaration in their entirety read as follows:

"The particulars of this case are that the Plaintiff was retained for services pertaining to a domestic case and did so render services to Lilly M. Barrash, wife of Frank M. Barrash, and when the attached invoice was rendered, the Defendant refused payment.

And the Plaintiff Claims $16,672.50."

The "attached invoice," addressed to appellee husband, listed the identical services and time spent as set forth in the petition for counsel fees filed in the divorce proceedings. The declaration was accompanied by a motion for summary judgment "on the ground that the defendant has no defense to the Plaintiff's claim, and that there is no genuine dispute between the parties as to any material fact, and that the plaintiff is entitled to judgment as a matter of law." Mr. Kerpelman's affidavit in support of the motion set forth the amount "justly due and owing" and that he "provided services *to or for the Defendant,* as fully set forth in accompanying documents and statements which remain unpaid". (Emphasis added).

On 7 July 1975, appellee filed a demurrer to the declaration, an "Answer" to the plaintiff's motion for summary judgment, and an affidavit in opposition to the motion. On the same date appellee filed a motion for summary judgment "pursuant to Rule 610 . . . on the ground of *res judicata,* collateral estoppel and/or election of remedies".[2] The motion was accompanied by three exhibits: 1) A copy of the unreported opinion in *Barrash v. Barrash, supra,* 2) A copy of the petition for counsel fees filed in the domestic case; and 3) A copy of Judge Levin's order of 9 September 1974, quoted *supra,* dismissing the petition at Mr. Kerpelman's request.

On 7 October 1975, Mr. Kerpelman filed an "Affidavit in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment". The affidavit did not dispute any of the operative facts contained in defendant's motion. The record indicates that on the same date a hearing took place before Judge Shirley B. Jones. There is no transcript of the hearing. On 7 January 1976, Judge Jones filed a written "Ruling By The Court" stating, in its entirety, the following: "Defendant's motion for summary judgment is granted, with judgment for costs in favor of defendant. In view of this ruling all other law motions are rendered moot." It is from that judgment that Mr. Kerpelman has taken this appeal.

Maryland Rule 610 d provides that the judgment sought by a motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, and admissions on

---

**2.** We observe that defendant's motion is technically defective because Rule 610 a 1 provides that a motion for summary judgment may be made only "on the ground that there is no genuine dispute as to any material fact and that . . . [the moving party] is entitled to judgment as a matter of law". *Res judicata,* collateral estoppel and/or election of remedies may be the "matter(s) of law" that could be applied to a set of undisputed material facts to produce a summary judgment, but unless the material facts are undisputed, these legal principles are not *ipso facto* "grounds" for a summary judgment. In the instant case, however, it is clear that the operative facts alleged in the motion are not disputed by appellant and ". . . [T]he granting of summary judgment on a motion which is defective in form is not reversible error if there is no genuine dispute as to any material fact, *Fletcher v. Flournoy,* 198 Md. 53, 81 A. 2d 232 (1951)". Myers v. Montgomery Ward & Co., 253 Md. 282, 290 (1969); Preissman v. Harmatz, 264 Md. 715, 721 (1972).

file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." In the instant case, the pleadings and affidavits, together with the exhibits attached thereto, show no dispute as to any of the facts as heretofore set forth in this opinion. The question before Judge Jones, then, was whether on those undisputed facts the appellee-defendant was entitled to a judgment as a matter of law.

On appeal the appellant presents us with a single question: "Did the court below err in considering an earlier voluntary dismissal of the same or a similar claim to be *res judicata* (or collateral estoppel or 'election of remedies')?" Appellant thus addresses himself to what he perceives to have been the only three reasons Judge Jones could have had for granting appellee's motion for summary judgment. He argues that because Judge Levin's order of 9 September 1974 dismissing the petition for counsel fees in the divorce case was not "with prejudice" it must be presumed to have been "without prejudice", and because it was "without prejudice" Judge Jones was wrong in applying the doctrines of *res judicata,* collateral estoppel, or election of remedies to the undisputed facts and concluding as a matter of law that appellee was entitled to judgment. Appellant assumes in his brief that one of these three legal principles was applied by Judge Jones. The record, however, does not reveal which, if any, of those principles the judge applied.[3] Each of them, however, was urged upon her by the defendant below in his memorandum filed in the case. Without deciding whether *res judicata* or election of remedies principles may also properly be applied in this case to support Judge Jones' ruling, we hold that the principle of collateral estoppel does apply to the undisputed material facts and that Judge Jones was correct in ruling that the defendant-appellee was entitled to judgment as a matter of law. We set forth our reasons below.

As it is undisputed that there was no privity of contract

---

**3.** As the "action [was not] tried upon the merits", the hearing judge was not required to comply with Md. Rule 18 c.

between Kerpelman and the husband, the only possible basis for his suit at law against the husband is the common law theory that a third person who supplies "necessaries" to a wife may recover their value from the husband. While it has been held in certain circumstances that legal services to a wife come within the ambit of necessaries for which a husband may be held liable at law to the attorney who supplied those services, *McCurley v. Stockbridge*, 62 Md. 422 (1884), the law is clear that

> ". . . when a wife deserts her husband without his fault she forfeits all right to support from him, and carries with her no authority to pledge his credit even for necessaries [citing cases]." *Kerner v. Eastern Hospital*, 210 Md. 375, 381 (1956). *See also Dudley v. Montgomery Ward & Co.*, 255 Md. 247 (1969), and cases cited therein.

In the present case, as shown by the affidavits and exhibits, the issue of whether the wife deserted the appellee has already been litigated and finally decided. The doctrine of collateral estoppel prevents its relitigation in this case. *Davis v. Frederick County Board*, 25 Md. App. 68 (1975). The established fact that the services allegedly furnished the wife were furnished at a time when she had deserted the appellee, without fault on his part, operates as a complete bar to appellant's claim. Summary judgment for the appellee was therefore properly granted.[4]

*Judgment affirmed.*
*Appellant to pay the costs.*

---

4. Our decision in this case should not be interpreted as affecting one way or the other prior appellate decisions regarding a wife's right to an award for counsel fees in a divorce case, regardless of the outcome on the merits. See Hood v. Hood, 138 Md. 355 (1921); Daiger v. Daiger, 154 Md. 501 (1928); Stenger v. Stenger, 14 Md. App. 232 (1972).